COMMONWEALTH of Pennsylvania, Appellant,

v.

Charles John BAIRD, Appellee.

Superior Court of Pennsylvania.

Argued April 13, 2004.

Filed July 27, 2004.

Alisa R. Hobart, Asst. Dist. Atty., Reading, for Com., appellant.

Gary R. Swavely, Reading, for appellee. (no brief filed)

BEFORE: BENDER, McCAFFERY and TAMILIA, JJ.

OPINION BY BENDER, J.:

¶ 1 The Commonwealth appeals from the May 7, 2003 judgment of sentence of three

---

years' probation imposed upon Charles John Baird (Baird) for possession of child pornography. We vacate the judgment of sentence and remand for resentencing.

¶ 2 On May 7, 2003, the trial court held a hearing whereby Baird pled guilty to one count of possession of child pornography under the Crimes Code, 18 Pa.C.S. § 6312(d). At the hearing, the trial court sentenced Baird to three years' probation immediately after conducting a guilty plea colloquy and accepting Baird's guilty plea. *See* N.T. Guilty Plea and Sentencing Hearing, 5/7/03. However, at the hearing, the Commonwealth argued that the trial court could not legally sentence Baird without first ruling on the applicability of Megan's Law, 42 Pa.C.S. §§ 9791—9799.7. *See id.* at 2–3. The basis for this argument is that, in cases where Megan's Law is applicable, sentencing must wait until after a determination is made under Megan's Law, *i.e.*, a determination whereby an offender is found to fit the definition of a sexual offender or a sexually violent predator ("SVP"), as such terms are defined in section 9752 of Megan's Law. This is because the trial court must inform an offender or SVP of his reporting obligations under Megan's Law at the time of sentencing and, since such obligations may differ depending on the offender's status under Megan's Law, the court must await the outcome of a Megan's Law assessment prior to sentencing. Despite this argument, the trial court proceeded to sentence Baird to probation without first waiting for the assessment of Baird to be completed by the State Sexual Offenders Assessment Board (SOAB) pursuant to Megan's Law. *See* 42 Pa.C.S. § 9795.4 ("Assessments").

¶ 3 The Commonwealth filed this timely appeal from the trial court's judgment of sentence imposed on Baird on May 7, 2003. The Commonwealth raises one issue:

"DID THE TRIAL COURT ERR BY SENTENCING [BAIRD] PRIOR TO HIS MEGAN'S LAW ASSESSMENT?" Commonwealth's brief at 4 (footnote omitted).[1]

¶ 4 The question the Commonwealth presents concerns a matter of law in that it requires us to examine and interpret the Megan's Law statute. Accordingly, we note that "application of a statute is a question of law, and our standard of review is plenary. Furthermore, as this matter involves only a question of law, our standard of review is limited to a determination of whether the trial court committed an error of law." *Commonwealth v. Mackert*, 781 A.2d 178, 185 (Pa.Super.2001) (citations omitted). Since we will interpret certain provisions of Megan's Law, we are mindful of our rules of statutory construction. Particularly relevant herein are the following rules: (1) "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly[;]" and (2) we must, if possible, construe every statute "to give effect to all its provisions." 1 Pa.C.S. § 1921(a).

¶ 5 A conviction of possession of child pornography under 18 Pa.C.S. § 6312(d) constitutes a predicate offense under Megan's Law. Accordingly, an individual convicted of this offense, without more, is subject to the ten-year registration requirements of Megan's Law, which requires him to periodically keep the Pennsylvania State Police apprised of, *inter alia*, his residence and place of employment. *See* 42 Pa.C.S. § 9795.1(a) [indicating that an individual convicted under 18 Pa.C.S. § 6312 (relating to sexual abuse of children, which includes possession of child pornography) "shall be required to register with the Pennsylvania State Police for a period of ten years"]. Megan's Law

---

1. Baird did not file an appellee's brief.

serves to protect the public by providing them with adequate notice and information about a sexual offender planning to live, work or reside in any given community, thereby providing the community with an opportunity to develop a constructive plan to prepare themselves and their children for the offender's release. 42 Pa.C.S. § 9791(a)(1) ("Legislative findings").

¶ 6 The term "offender" as used in Megan's Law, refers to, *inter alia*, anyone required to register for ten years pursuant to section 9795.1 ("Registration"). *See also id.* at § 9792 ("Definitions"). On the other hand, the label of "SVP" refers to a person convicted of a sexually violent offense and "who is determined to be a sexually violent predator under section 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." *Id.* Offenders who are determined to be SVPs must comply with the applicable provisions of Megan's Law for the rest of their lives. *Id.* at § 9795.1(b).[2] Sexual offenders and SVPs also differ, for example, in that (1) SVPs are subject to the quarterly verification requirement (*i.e.*, verification of residence with the Pennsylvania State Police), whereas offenders not classified as SVPs are subject to annual verification, *id.* at 9796(a), (b); (2) victim notification differs depending upon whether the convicted individual is classified as an offender or SVP, *id.* at § 9797; and (3) SVPs are subject to certain counseling requirements, *id.* at § 9799.4.

¶ 7 Both sexual offenders and SVPs must comply with their Megan's Law registration and other applicable requirements "upon release from incarceration, upon parole . . . ***or upon the commencement of a sentence of . . . probation***" as the case may be. *Id.* at § 9795.2 ("Registration procedures and applicability") (emphasis added). Thus, Baird, who was sentenced to probation, must, upon the commencement of his sentence, comply with whatever Megan's Law obligations are applicable to him, which itself depends upon whether he is determined to be an offender or SVP. Accordingly, it makes sense that the sentencing court, at the time of sentencing, must inform an offender or SVP, as the case may be, of his or her registration obligations, as these obligations will differ depending on whether the convicted individual is classified as an offender or as an SVP, *see supra.*

¶ 8 Indeed, the plain language of section 9795.3 outlines the sentencing court's duty, at the time of sentencing, to inform the offender or SVP about what is required of him to comply with Megan's Law:

### § 9795.3. Sentencing court information

The sentencing court ***shall inform offenders and sexually violent predators at the time of sentencing*** of the provisions of this subchapter. The court shall:

(1) Specifically inform the offender or sexually violent predator of the duty to register and provide the information required for each registration, including verification as required in section

---

**2.** Other types of offenders besides SVPs are also subject to lifetime registration. For example, individuals with two or more convictions of certain sexual offenses and individuals convicted of more "serious" sex crimes such a rape or aggravated indecent assault are subject to lifetime registration. *See* 42

Pa.C.S. § 9795.1(b)(1), (2). These individuals may or may not be SVPs. In any event, for the general purposes of this opinion, our use of the term "offender" will refer to an offender subject to the ten-year registration period under section 9795.1(a).

9796(a) (relating to verification of residence).

(2) Specifically inform the offender or sexually violent predator of the duty to inform the Pennsylvania State Police within ten days if the offender or sexually violent predator changes residence or establishes an additional residence or residences, changes employer or employment location for a period of time that will exceed 14 days or for an aggregate period of time that will exceed 30 days during any calendar year or terminates employment or changes institution or location at which the person is enrolled as a student or terminates enrollment.

(2.1) Specifically inform the offender or sexually violent predator of the duty to inform the Pennsylvania State Police within ten days of becoming employed or enrolled as a student if the person has not previously provided that information to the Pennsylvania State Police.

(3) Specifically inform the offender or sexually violent predator of the duty to register with a new law enforcement agency if the offender or sexually violent predator moves to another state no later than ten days after establishing residence in another state.

(4) Order the fingerprints and photograph of the offender or sexually violent predator to be provided to the Pennsylvania State Police upon sentencing.

(5) Specifically inform the offender or sexually violent predator of the duty to register with the appropriate authorities in any state in which the offender or sexually violent predator is employed, carries on a vocation or is a student if the state requires such registration.

(6) Require the offender or sexually violent predator to read and sign a form stating that the duty to register under this subchapter has been explained.

Where the offender or sexually violent predator is incapable of reading, the court shall certify the duty to register was explained to the offender or sexually violent predator and the offender or sexually violent predator indicated an understanding of the duty.

*Id.* at § 9795.3 (emphasis added). Obviously, *at the time of sentencing,* the sentencing court must be cognizant of whether the convicted individual is classified as a sexual offender or an SVP so that it can properly inform the offender or SVP, as the case may be, of his obligations under Megan's Law, which will differ depending upon whether the individual is determined to be an offender or SVP.

¶ 9 Of course, not all persons convicted of sexual offenses are considered SVPs. *See* 42 Pa.C.S. § 9792. However, in *all* sexual offense cases subject to Megan's Law, the trial court must order, within 10 days of the date of conviction, the SOAB to conduct an SVP assessment. *Id.* at § 9795.4(a) ("Order for assessment"). We explained what should occur procedurally after an individual is convicted of a predicate sexual offense that triggers the applicability of Megan's Law:

After conviction of an offense as enumerated in § 9795.1 but **prior to sentencing,** the court shall order an individual to be assessed by the [SOAB]. *See* 42 Pa.C.S.A. § 9795.4(a). The [SOAB] shall designate a member to conduct the assessment of the individual to determine if the individual should be classified as a sexually violent predator. *See* 42 Pa.C.S.A. § 9795.4(b). The [SOAB] shall submit a written report to the District Attorney's office. *See* 42 Pa.C.S.A. § 9795.4(d). The court then conducts a hearing to determine whether the individual is a sexually violent predator. *See* 42 Pa.C.S.A. § 9795.4(e)(1). The Commonwealth and the individual shall

be given the opportunity to be heard, the right to call witnesses, the right to call expert witnesses, and the right to cross-examine witnesses. *See* 42 Pa. C.S.A. § 9795.4(e)(2). The individual shall have the right to counsel. *See* 42 Pa.C.S.A. § 9795.4(e)(2). The court then makes the final determination, *i.e.*, whether, after hearing all of the evidence, the Commonwealth has proven by clear and convincing evidence that the individual is a sexually violent predator. *See* 42 Pa.C.S.A. § 9795.4(e)(3). *Commonwealth v. Howe*, 842 A.2d 436, 447 (Pa.Super.2004). The SOAB has 90 days from the date of conviction to submit its report to the district attorney, 42 Pa.C.S. § 9795.4(d), and then, presumably with reliance on the SOAB's report, the district attorney decides whether to file a praecipe for a hearing whereby the court will determine if an offender meets the SVP criteria, *id.* at § 9795.4(e)(1). In other words, an SVP hearing does not automatically occur after receipt of the SOAB report, as the passage above from *Howe* implies, but, rather, the district attorney decides whether to pursue the SVP classification by filing, or not filing, a praecipe for an SVP hearing. Thus, if the district attorney does not file a praecipe, then there would be no SVP determination hearing. Also, it makes sense that the district attorney would wait for the SOAB report before deciding whether to pursue an SVP determination, since, if such a hearing should eventually occur, the Commonwealth has the burden of establishing, by clear and convincing evidence, that the offender meets the SVP criteria. 42 Pa.C.S. § 9795.4(e)(3).

¶ 10 Notably, in the instant case, the sentencing court did not inform Baird of his duties under Megan's Law at the time of sentencing, in contravention of section 9795.3, because the SOAB assessment process had not yet even been initiated at the time (*i.e.*, court had ten days after conviction to order the assessment and conviction occurred when court accepted Baird's guilty plea). Yet, the Megan's Law requirements applicable to Baird, whatever they may be, are especially important because he is the one who must comply with these requirements upon the commencement of his sentence of probation. *See id.* at § 9795.2(a)(1).

¶ 11 Given the above provisions of Megan's Law, especially when construed together, we conclude that the SOAB assessment must be ordered and completed, and the SOAB report submitted to the district attorney, prior to sentencing. In sum, our reasons for this conclusion are as follows: (1) registration, verification, and counseling requirements differ under Megan's Law depending upon whether a convicted individual is deemed an offender or an SVP; and (2) the sentencing court must inform an offender or SVP, as the case may be, of his reporting obligations under Megan's Law at the time of sentencing and, therefore, must necessarily know his classification by the time of sentencing. Accordingly, the procedure of reaching a determination of whether one is an offender or an SVP, as outlined in Megan's Law, must necessarily precede sentencing. *See id.* at § 9795.4 (describing, *inter alia*, requirement that court order assessment within ten days of conviction and SOAB complete assessment within 90 days of conviction). Only when the offender's status under Megan's Law is determined, can the court proceed with sentencing, at which time it informs the offender of the applicable reporting obligations.

¶ 12 Accordingly, we are compelled to vacate the judgment of sentence and remand this case for resentencing at a time when the SOAB assessment and report are completed.

¶ 13 Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.