J-S16018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLARENCE TYRONE TAYLOR | |
| Appellant | No. 1090 MDA 2014 |

Appeal from the Judgment of Sentence May 29, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000785-2013

BEFORE:  PANELLA, OLSON and OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 02, 2015**

Appellant, Clarence Tyrone Taylor, appeals from the judgment of sentence entered on May 29, 2014 in the Criminal Division of the Court of Common Pleas of Lancaster County.  We affirm.

The facts in this case are not in dispute.  In December 2012, the Child Predator Section of the Pennsylvania Office of the Attorney General commenced an investigation in response to an incident in which D.W., a 15-year-old male, reported that he received inappropriate messages on Facebook from Appellant, an associate pastor at the church D.W. attended. During the investigation, Special Agent Britteny Baughman with the Office of the Attorney General obtained consent to access D.W.'s Facebook account and assume D.W.'s identity in order to communicate with Appellant.

Between December 4, 2012 and December 13, 2012, Appellant communicated through Facebook and by text message with an individual he believed to be D.W., but who was actually Special Agent Baughman. During these exchanges, Appellant sent explicit messages and several times asked if he could meet D.W. Appellant also asked D.W. to send a nude photograph of himself. During one of these exchanges, Appellant sent D.W. a photograph of an exposed penis.

Eventually, investigators learned that Appellant lived approximately 250 feet away from D.W. Due to Appellant's proximity to D.W., agents obtained a search warrant and an arrest warrant. On December 13, 2012, Appellant insisted upon meeting D.W. when Appellant returned home from work. When Appellant arrived at home, law enforcement officers arrested him and charged him with one count each of unlawful contact with a minor,[1] criminal use of a communication facility,[2] and solicitation to commit sexual abuse of children.[3]

On January 27, 2014, at the conclusion of a three-day trial, a jury found Appellant guilty of all offenses. On May 29, 2014, the trial court sentenced Appellant to an aggregate term of three to six years'

---

[1] 18 Pa.C.S.A. § 6318(a)(1).

[2] 18 Pa.C.S.A. § 7512.

[3] 18 Pa.C.S.A. §§ 902(a) and 6312.

incarceration, followed by four years' probation. In addition, over the objection of counsel,[4] the trial court ordered Appellant to register as a sex offender for the remainder of his life because he had two qualifying convictions for purposes of 42 Pa.C.S.A. §§ 9799.14 and 9799.15 of the Sex Offenders Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.40.

Appellant did not file a post-sentence motion but, on June 27, 2014, he filed a timely notice of appeal to this Court. On July 28, 2014, Appellant timely complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Thereafter, the trial court issued its opinion on August 25, 2014.

Appellant raises a single issue for our consideration on appeal.

> Where [Appellant's] offenses involved a single course of conduct and one intended victim, should he have been sentenced to 25 years of sex offender registration, pursuant to 42 Pa.C.S.[A. §§] 9799.14 and 9799.15, rather than lifetime registration?

Appellant's Brief at 6.

Appellant's brief advances a straightforward claim in support of his request for relief. Appellant maintains that he should have been sentenced to a 25-year registration period under §§ 9799.14 and 9799.15, rather than

_____

[4] In his objection, trial counsel argued that Appellant should be subject to a 25-year registration period because his two convictions involved only one criminal episode and one victim.

lifetime registration, because his offenses involved a single course of conduct and one intended victim. In leveling his claim, Appellant points out that his crimes were nonviolent, occurred over a short span of time, and involved only text or other forms of digital messaging to an undercover police officer. Appellant relies on the decision of the Commonwealth Court in ***A.S. v. Pennsylvania State Police***, 87 A.3d 914 (Pa. Commwlth. 2014) and our Supreme Court's Opinion in Support of Reversal in ***Commonwealth v. Gehris***, 54 A.3d 862 (Pa. 2012) to support his contention that this Court should vacate the lifetime registration aspect of his sentence and substitute a registration period of 25 years.

Our standard and scope of review over Appellant's contentions are well settled.

> [T]he "application of a statute is a question of law, and our standard of review is plenary." ***Commonwealth v. Baird***, 856 A.2d 114, 115 (Pa. Super. 2004). When interpreting a statute, the Statutory Construction Act dictates our approach. ***See*** 1 Pa.C.S.A. § 1921; ***Baird***, ***supra*** at 115. "[T]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly ...." ***Id***. "[T]he best indication of legislative intent is the plain language of a statute." ***Commonwealth v. Bradley***, [] 834 A.2d 1127, 1132 (Pa. 2003).

***Commonwealth v. Merolla***, 909 A.2d 337, 346 (Pa. Super. 2006).

Applying this standard, Appellant asks us to consider whether his convictions for unlawful contact with a minor (18 Pa.C.S.A. § 6318(a)(1)) and solicitation to commit sexual abuse of children (18 Pa.C.S.A. §§ 902(a) and 6312), which were entered at the same time following his trial before a

jury, constitute two separate convictions under §§ 9799.14 and 9799.15 of SORNA. We begin our analysis by setting forth the applicable statutory provisions and then turn to the relevant case law.

Section 9799.14 of SORNA establishes a three-tier classification system for sexual offenses. *See* 42 Pa.C.S.A. § 9799.14(b)-(d) (specifying sex crimes that qualify for classification as either tier I, tier II, or tier III offenses). SORNA classifies the crimes of unlawful contact with a minor and criminal solicitation to commit sexual abuse of children as tier II offenses.[5]

---

[5] Citing 42 Pa.C.S.A. § 9799.14(b)(9) and (22), the Commonwealth asserts in its brief that Appellant's conviction for criminal solicitation to commit sexual abuse of children constituted a tier I offense. Commonwealth Brief at 6. This assertion appears to rest on the assumption that Appellant was convicted for soliciting an offense defined at 18 Pa.C.S.A. § 6312(**d**).

Our review of the certified record reveals that Appellant's conviction related to a different subsection of § 6312. Both the criminal complaint and information lodged against Appellant charged him with violating § 6312(**b**), inasmuch as he requested photographs depicting D.W. in the nude. Section 6312(b) makes it a crime for a person to photograph, videotape, or depict on computer or film a minor engaged in a prohibited sexual act. 18 Pa.C.S.A. § 6312(b). In contrast, § 6312(d) makes it an offense for a person to intentionally view or knowingly possess child pornography. 18 Pa.C.S.A. § 6312(d).

Since the charging documents and testimony in this case support a conviction under § 6312(b), we shall treat Appellant's conviction as arising under that subsection and overlook the assertion set forth in the Commonwealth's brief. We note, however, that this is largely a distinction without a difference. SORNA classifies a conviction under § 6312(d) as a tier I offense but categorizes a conviction under § 6312(b) as a tier II offense. *Compare* 42 Pa.C.S.A. § 9799.14(b)(9) (classifying a § 6312(d) conviction as a tier I offense) with § 9799.14(c)(4) (classifying a § 6312(b) conviction as a tier II offense). Nevertheless, whether Appellant was convicted of two
*(Footnote Continued Next Page)*

*Id.* at § 9799.14(c)(4) (sexual abuse of children), (c)(5) (unlawful contact with a minor), and (c)(18) (making solicitation of a listed offense a tier II crime). Section 9799.14 further provides, however, that tier III crimes include "[t]wo or more convictions of offenses listed as [t]ier I or [t]ier II sexual offenses." *Id.* at § 9799.14(d)(16).

Section 9799.15 of SORNA sets forth the registration requirements for individuals who have committed offenses that fall within each tier described in § 9799.14.[6] Under § 9799.15, "[a]n individual convicted of a [t]ier III sexual offense shall register for the life of the individual." *Id.* at § 9799.15(a)(3). Applying these statutory provisions, Appellant is subject to SORNA's lifetime registration requirement because his two tier II convictions deem him to be a tier III offender under § 9799.15(a)(3).

*(Footnote Continued)* _____

tier II offenses, or one tier I offense and one tier II offense, the net result is that Appellant is deemed to have committed a tier III offense. *See* 42 Pa.C.S.A. § 9799.14(d)(16) (defining tier III offenses to include "[t]wo or more convictions of offenses listed as [t]ier I or [t]ier II sexual offenses").

[6] Recently, the Commonwealth Court declared certain aspects of § 9799.15(g) of SORNA, requiring registrants to update in person changes in their registration information such as temporary lodging, cellular telephone numbers, and motor vehicle operated, to be unconstitutional. *Coppolino v. Noonan*, 102 A.3d 1254, 1277-1279 (Pa. Commwlth. 2014). Although the Commonwealth Court determined that the "in person" requirement was unconstitutional, the Court found that this provision was severable from the remainder of the statutory scheme. Since § 9799.15(g) has no application to this case, and because the Commonwealth Court found the offending terms of § 9799.15(g) to be severable from the remaining provisions, we see no impediment to the application of the remaining pertinent sections of the statute in this case.

We turn now to consider the relevant interpretive case law. In *Commonwealth v. Merolla*, 909 A.2d 337 (Pa. Super. 2006), this Court considered statutory construction issues very similar to those Appellant raises in this appeal. In that case, the defendant, Alfred Merolla, entered *nolo contendere* pleas to two counts of indecent assault and one count of statutory sexual assault stemming from his attacks on three female victims, all less than 16 years of age. At sentencing, the trial court ordered Merolla to register with the state police for a period of ten years. The Commonwealth filed a post-sentence motion requesting, among other things, that the trial court direct Merolla to register for life. After that motion was denied by operation of law, the Commonwealth appealed.

On appeal, this Court considered whether Merolla's pleas to two separate counts of indecent assault, entered at the same time, constituted two convictions under the registration provisions of Megan's Law II, a predecessor to SORNA.[7] As a case of first impression, this Court looked, for

---

[7] By way of background, we recite our Supreme Court's summary of the legislative history of Megan's Law.

> The Act of October 24, 1995, P.L. 1079 (Spec.Sess. No. 1), now known as Megan's Law I, was to a significant extent ruled unconstitutional in *Commonwealth v. Donald Williams*, 733 A.2d 593 (Pa. 1999). The General Assembly subsequently enacted Megan's Law II, whose constitutionality th[e Supreme] Court substantially upheld in *Commonwealth v. Gomer Williams*, 832 A.2d 962 (Pa. 2003). In the Act of November 24, 2004, P.L. 1243 (known as Megan's Law III), the General

*(Footnote Continued Next Page)*

purposes of initial comparison, to the Supreme Court's interpretation of the Three Strikes Statute, 42 Pa.C.S.A. § 9714, in ***Commonwealth v. Shiffler***, 879 A.2d 185 (Pa. 2005). This Court found that the Three Strikes Statute applied "[w]here the person had at the time of the commission of the current offense **previously** been convicted of two or more such crimes[.]" 42 Pa.C.S.A. § 9714(a)(2) (emphasis added). We also acknowledged the Supreme Court's conclusion that the legislature adopted the Three Strikes Statute to implement a sentencing philosophy that "punish[ed] more severely offenders who have persevered in criminal activity despite the theoretical effects of penal discipline." ***Merolla***, 909 A.2d at 346. Lastly,

_(Footnote Continued)_ _____

> Assembly addressed several matters, including that portion of Megan's Law II held to be unconstitutional in ***Gomer Williams***, concerning the penalty provisions that attached to sexually violent predators who failed to comply with registration and other requirements of the act. In the Act of November 29, 2006, P.L. 1567 (effective January 1, 2007), the General Assembly amended the legislation once again, with respect to matters not pertinent to the disposition of the present appeal. ***See Commonwealth v. Lee***, 935 A.2d 865 passim (Pa. 2007), for a more detailed discussion of the history of these successive legislative acts that individually and collectively herein shall also be referred to simply as "Megan's Law."

***Commonwealth v. Leidig***, 956 A.2d 399, 400 n.1 (Pa. 2008). Megan's Law was again amended, ***see*** Act 98 of 2008, P.L. 1352, effective December 8, 2008, and Act 111 of 2011, P.L. 446, effective December 20, 2011. However the language of § 9795.1(b)(1) was unaffected by these changes. The various amendments to Megan's Law do not affect our statutory construction analysis in this case since the operative SORNA language at issue here is virtually unchanged from its predecessor provisions found in prior versions of Megan's Law.

we noted the Supreme Court's opinion that, in order to conform to the legislature's intent, application of the Three Strikes Statute required a specific sequence of events: first offense; first conviction; first sentencing; second offense; second conviction; and second sentencing. *Id.* at 345.

The opinion of this Court in *Merolla* identified substantial distinctions between the registration requirements found in Megan's Law II and the Three Strikes Statute. We began with the plain terms of the respective provisions. Much like the language found in § 9799.14(d)(16) of SORNA, the lifetime registration provision contained in Megan's Law II provided that "[a]n individual with two or more convictions of any of the offenses set forth in subsection (a)" shall be subject to lifetime registration.[8] 42 Pa.C.S.A. § 9795.1(b)(1). Distinguishing this language from that of the Three Strikes Statute, we noted that Megan's Law II **did not** require a previous conviction. *Merolla*, 909 A.2d at 346. Next, we observed that the registration provisions in Megan's Law II were not punitive in nature and that the law was based on concern for public safety and not enhanced punishment for repeat offenders. *Id.* We therefore held that the sequence of events described in *Shiffler* did not apply and its was irrelevant that Merolla was not sentenced for his first offense before the commission of his second crime. *Id.* at 347. For these reasons, we found that Merolla was subject to

---

[8] Merolla's indecent assault convictions were listed in subsection (a) of 42 Pa.C.S.A. § 9795.1(b)(1).

lifetime registration under § 9795.1(b)(1) since his simultaneous guilty pleas to two separate counts of indecent assault qualified as two convictions under the registration provisions of Megan's Law II.

This Court next encountered the claim that simultaneous convictions do not support lifetime registration under Megan's Law III in *Commonwealth v. Gehris*, 996 A.2d 541 (Pa. Super. 2010) (unpublished memorandum). In that case, the defendant, Patrick Gehris, repeatedly engaged in sexually explicit communications with an individual he believed to be a 13-year-old girl.[9] During this time, Gehris solicited nude pictures of the girl, forwarded digital images of his penis to the individual he believed to be the girl, and arranged to meet the girl in a motel room. Because of these activities, the Commonwealth charged Gehris with multiple offenses and he eventually pled guilty to, *inter alia*, one count of criminal solicitation to commit sexual exploitation of children, 18 Pa.C.S.A. §§ 902 and 6320, and criminal solicitation to commit sexual abuse of children, 18 Pa.C.S.A. §§ 902 and 6312(b). Because these offenses were listed in 42 Pa.C.S.A. § 9795.1(b)(1), the trial court found that Gehris was subject to lifetime registration.

_____

[9] In fact, these exchanges occurred online with a Pennsylvania State Police officer trained to pose as a teenager in order to investigate potential sexual predators.

Gehris appealed, arguing that the trial court erred in ordering lifetime registration where the underlying criminal conduct for his convictions arose from a single, non-violent episode involving one victim. In an unpublished memorandum, we sustained the trial court's ruling and cited our prior decision in **Merolla** as support. **Commonwealth v. Gehris**, 996 A.2d 541 (Pa. Super. 2010) (unpublished memorandum) at 6.

Gehris pursued further review and an evenly divided panel of our Supreme Court affirmed. **Commonwealth v. Gehris**, 54 A.3d 862 (Pa. 2012) (*per curiam*). In her Opinion in Support of Affirmance (OISR), Justice Todd found that the registration requirement was adopted to protect the public, not to escalate punishment for repeat offenders. **Id.** at 862. Moreover, since § 9795.1 did not reflect a recidivist philosophy, there was no need to depart from the plain language of the statute. **Id.** Applying this approach, Justice Todd determined that the timing of the multiple convictions was irrelevant under § 9795.1, "even when two convictions [arose] out of two separate criminal acts against a single victim … during one criminal episode." **Id.** Thus, the lifetime registration requirement found in § 9795.1 attached at the moment when a defendant acquired two or more convictions for specified offenses. **Id.**

In his Opinion in Support of Reversal, then Chief Justice Castille found that § 9795.1 embraced a recidivist philosophy. **Id.** at 878. Thus, although first-time and lesser offenders such as Gehris might qualify for lifetime

registration under the literal requirements of § 9795.1, Chief Justice Castille argued that such defendants should be given an opportunity for reform pursuant to lesser sanctions so long as it was clear that their offenses were part of the same course of criminal conduct. **Id.** at 879. Chief Justice Castille was also persuaded by other factors in the case, including the non-violent nature of Gehris' crimes, the lack of harm to an actual victim, Gehris' voluntary participation in treatment, his expressions of remorse, and testimony establishing that Gehris did not qualify as a sexually violent predator and that he was a good candidate for rehabilitation. **Id.** Although **Gehris** sets out the relevant arguments we consider in this appeal, the opinion of an evenly divided Supreme Court merely affirms a decision of this Court but carries no precedential authority in future cases. **Commonwealth v. Thompson**, 985 A.2d 928, 937-938 (Pa. 2009) ("This Court has made it clear that *per curiam* orders have no stare decisis effect.").

Our next opportunity to address the issue currently before us came in **Commonwealth v. Mielnicki**, 53 A.3d 930 (Pa. Super. 2012) (unpublished memorandum). There, the Commonwealth charged the defendant, Adam Mielnicki, with 100 counts of sexual abuse of children, 18 Pa.C.S.A. § 6312(d), for possessing child pornography between December 8, 2009 and February 18, 2010. The information also charged Mielnicki with separate counts of disseminating child pornography by means of a computer facility,

18 Pa.C.S.a. § 7512(a), during this same period. Mielnicki thereafter pled guilty to five counts of sexual abuse of children and the trial court ordered lifetime registration under § 9795.1(b)(1). After the trial court denied reconsideration of its registration order, Mielnicki appealed.

On appeal, Mielnicki argued that the trial court erred in ordering lifetime registration in view of his concurrent pleas to multiple counts of sexual abuse of children which stemmed from a single investigation. Again, we affirmed the trial court based upon our decision in *Merolla*. *Commonwealth v. Mielnicki*, 53 A.3d 930 (Pa. Super. 2012) (unpublished memorandum) at 3-5. On July 2, 2013, our Supreme Court granted Mielnicki's petition for allowance of appeal. *Commonwealth v. Mielnicki*, 71 A.3d 245 (Pa. 2013). After argument, however, the Court, on December 15, 2014, dismissed the appeal as improvidently granted. *Commonwealth v. Mielnicki*, 105 A.3d 245 (Pa. 2013).

The Commonwealth Court also examined the question presently before us in *A.S. v. Pennsylvania State Police*, 87 A.3d 914 (Pa. Commwlth. 2014). The Commonwealth Court summarized the facts in that case as follows:

> This action arose out of the interactions between A.S., who was 21 years old at the time of the incident, and a 16–year–old female minor who engaged in consensual sexual relations. Because the age of consent in Pennsylvania is 16, the consensual sex between those individuals was not a crime. *See* Section 3122.1 of the Crimes Code, 18 Pa.C.S. § 3122.1. While it is not a crime to have sex with a 16–year–old minor, somewhat anomalously, it is a crime to photograph or cause to

be photographed a 16-year-old having consensual sex and causing a minor to take photographs of herself engaging in the sexual acts. A.S. admitted that he met the victim online, developed a relationship with her which led to consensual sex, and that he persuaded the victim to take photographs of herself in various sexual positions with her digital camera. He also used the minor's digital camera to photograph the two engaging in sexual relations.

As a result of this conduct, A.S. pled guilty in the Court of Common Pleas of Montgomery County (trial court) to one count of violating Section 6312(b) of the Crimes Code, 18 Pa.C.S. § 6312(b) (sexual abuse of children), one count of violating Section 6318(a)(5), 18 Pa.C.S. § 6318(a)(5) (unlawful contact with a minor), and one count of violating Section 6301, 18 Pa.C.S. § 6301 (corruption of minors). As a result of [A.S.'s] guilty pleas, the trial court sentenced A.S. to two concurrent 5- to 23–month terms of imprisonment and a consecutive 5–year probationary term.

*A.S.*, 87 A.3d at 916-917 (record citations omitted).

At sentencing, the trial court advised A.S. that he would be subject to the reporting requirements set forth in § 9795.1. According to the Commonwealth Court, the sentencing hearing transcript established that the trial court, the prosecuting attorney, and A.S. all believed that A.S. would be subject to a ten-year, not lifetime, registration requirement. On August 2, 2002, upon his release from imprisonment, A.S. registered with the Pennsylvania State Police (PSP) as a sex offender as required by Megan's Law II. Following the expiration of the ten-year period in August 2012, A.S. asked the PSP to remove his name from the sex offender registry. PSP refused, explaining that, because A.S. pled guilty to one count each of sexual abuse of children and unlawful contact with a minor, he was subject

- 14 -

to lifetime registration under § 9795.1(b)(1) as "an individual with two or more convictions of … the offenses set forth in subsection (a)."[10] 42 Pa.C.S.A. § 9795.1(b)(1).

Based on PSP's refusal to remove his name from the registry, A.S. filed a mandamus petition asking the Commonwealth Court to order PSP to change A.S.'s lifetime registration designation under § 9795.1(b) to a 10-year registration designation under § 9795.1(a). Adopting the rationale set forth in Chief Justice Castille's OISR in **Gehris**, the Commonwealth Court granted A.S.'s motion for summary relief.[11] **See A.S.**, 87 A.3d at 920-923.

We carefully reviewed the relevant appellate decisions that have considered the issue before us. Decisions issued by the Commonwealth Court do not constitute binding precedent for the Superior Court. **Wells Fargo Bank N.A. v. Spivak**, 104 A.3d 7, 16 (Pa. Super. 2014). However, a prior published opinion issued by a panel of this Court constitutes binding precedential authority. **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) ("[a] panel [of this Court] is not empowered to overrule

---

[10] Sexual abuse of children and unlawful contact with a minor were each listed offenses under § 9795.1(a)(1) of the Sentencing Code.

[11] On April 25, 2014, our Supreme Court noted probable jurisdiction for purposes of reviewing the Commonwealth Court's decision in **A.S. See A.S. v. Pennsylvania State Police**, 24 MAP 2014 (Pa. April 25, 2014). Our independent research into the status of **A.S.** has revealed that the Supreme Court deferred briefing in that matter pending resolution of **Mielnicki**. However, in light of **Mielnicki**'s dismissal, the Court reset the briefing schedule in **A.S.** The briefing schedule in **A.S.** has now closed.

another panel of the Superior Court"). In **Merolla**, this Court considered the issue now before us and held that simultaneous convictions for two listed offenses qualified as two convictions for purposes of the sexual offender registration law. Appellant clearly fits that criterion in this case. Accordingly, we conclude, based upon **Merolla**, that Appellant is not entitled to relief on his claims.[12]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015

---

[12] Since **Morella** held that multiple simultaneous convictions supported lifetime registration under a similar predecessor statute, we need not remand this matter for further proceedings to determine whether Appellant's conduct constituted a "single criminal episode" for purposes of SORNA's registration requirements. **See** Trial Court Opinion, 8/25/14, at 6.