J-S24009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SAMUEL C. PIERCE | |
| Appellant | No. 653 WDA 2016 |

Appeal from the PCRA Order April 14, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004510-2009

BEFORE:  PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 5, 2017**

Appellant, Samuel C. Pierce, appeals *pro se* from the denial of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as premature. We vacate and remand for appointment of PCRA counsel.

This case can be best described as a procedural debacle of the lower court's and the parties' making. Once the procedural mess is untangled, the disposition is relatively straightforward.

On March 17, 2009, Appellant was charged with involuntary deviate sexual intercourse ("IDSI"), statutory sexual assault, indecent assault, and

---

[*] Former Justice specially assigned to the Superior Court.

corruption of minors.[1] A bench trial took place in May 2015. The trial court acquitted Appellant of IDSI and corruption of minors, but found him guilty of statutory sexual assault and indecent assault. Appellant was immediately sentenced to an aggregate term of five to ten years' imprisonment, to be followed by a two-year term of probation. As discussed later, in a move contrary to the applicable statute, following sentencing, the trial court ordered the Sexual Offender's Assessment Board ("SOAB") to conduct a sexually violent predator ("SVP") evaluation to determine if Appellant should be designated as an SVP under 42 Pa.C.S.A. § 9799.24.

On March 28, 2016, Appellant filed a *pro se* PCRA petition.[2] As Appellant's SVP determination was still pending, the trial court denied Appellant's PCRA petition, without prejudice, as premature. Appellant filed a *pro se* notice of appeal on May 4, 2016.[3]

On June 30, 2016, following an SVP evaluation by the SOAB, the trial court held Appellant's SVP hearing. Based upon the evaluation as well as the testimony presented at the hearing, the trial court found Appellant met the

---

[1] 18 Pa.C.S.A. §§ 3123(A)(7), 3122.1, 3126, and 6301(A)(1), respectively.
[2] Under Pennsylvania law, there is no right to hybrid representation either at trial or on the appellate level. **See Commonwealth v. Padilla**, 80 A.3d 1238, 1259 (Pa. 2013). As such, when a defendant who is still technically represented by counsel files a *pro se* motion, brief, or petition, the court should file it and forward the document to counsel. **See id**., at 1258.

[3] Appellant's notice of appeal was dated April 29, 2016, but was not docketed until May 4, 2016.

criteria for an SVP. Thereafter, without filing a separate notice of appeal, Appellant's counsel filed an appellate brief challenging the sufficiency of the evidence supporting Appellant's convictions of statutory sexual assault and indecent assault, as well as his classification as an SVP.

Prior to reaching the merits of this appeal, we must clarify which issues Appellant has properly presented for our review. The formal purpose of our Court "is to maintain and effectuate the decisional law of the Supreme Court of Pennsylvania as faithfully as possible." **Commonwealth v. Simmons**, 565 A.2d 481, 484 (Pa. 1989) (citation omitted). To that end, we do not have the power to review the work of a lower court without a statutory right of appeal and we do not have any broad discretionary powers of review. **See id**.

In general, a party only has a statutory right of appeal as of right from a final order, which encompasses a judgment, decision, decree, sentence, and adjudication. **See** Pa.R.A.P. 102. More specifically, a final order is an order that disposes of all claims and all parties, or contains an express determination that an immediate appeal would facilitate a resolution of the entire case. **See** Pa.R.A.P. 341(a),(b)(1),(3),(c). Here, it is important to note that the instant appeal to this court is based *solely* on the trial court's denial of the PCRA petition. This is a final order for purposes of our review and pertains *exclusively* to Appellant's claims of ineffective assistance of trial counsel.

Additionally, "a single appeal is [generally] incapable of bringing on for review more than one final order, judgment or decree." ***General Elec. Credit Corp. v. Aetna Cas. & Sur. Co.***, 263 A.2d 448, 452 (Pa. 1970). Any argument that the PCRA appeal implicitly includes a review of the judgment of sentence is unavailing. The judgment of sentence was a separate, appealable final order that trial counsel neglected to appeal. Further, at the time of the filing of the notice of appeal, Appellant's SVP determination had yet to take place. Appellant cannot logically argue that this determination was intended to be included as part of his appeal. ***Cf***. ***K.H. v. J.R.***, 826 A.2d 863, 871 (Pa. 2003) ("[I]n the context of a single action, a notice of appeal filed from the entry of judgment will be viewed as drawing into question any prior non-final orders that produced the judgment.")

Accordingly, our jurisdiction is confined to a review of that order. We refuse to address the challenges to Appellant's judgment of sentence or SVP determination raised by counsel in his appellate brief.

Turning to Appellant's sole issue presented on appeal, the trial court contends that it dismissed Appellant's PCRA petition because it was filed prior to the finalization of Appellant's judgment of sentence, and therefore was premature. A defendant may not file a PCRA petition prior to a judgment of sentence becoming final; a petition will only be considered after he has waived or exhausted his direct appeal rights. ***See Commonwealth v. Fralic***, 625 A.2d 1249, 1252 n.1 (Pa. Super. 1993) (holding that

appellant's PCRA petition was premature because he filed it before he exhausted his direct appeal rights).

Here, because of the unique circumstances of the case and the lower court's actions, the finality of Appellant's judgment of sentence presents a procedural quagmire. Due to Appellant's convictions of sexually violent offenses,[4] the trial court was required to order an SVP assessment. **See** 42 Pa.C.S.A. § 9799.24(a). This assessment should have been conducted *prior* to the imposition of sentence. **See** 42 Pa.C.S.A. § 9799.24(a); **see also Commonwealth v. Baird**, 856 A.2d 114, 118 (Pa. Super. 2004) (vacating judgment of sentence based on trial court's failure to conduct SVP hearing prior to sentencing). However, the trial court did not follow the procedure outlined by the statute, and instead chose to sentence Appellant more than *one year* before determining his SVP status.

Prior panels of this Court have addressed the timing of the finality of sentence in situations where a defendant *waives* his right to have his SVP status determined prior to sentencing. For instance, in **Commonwealth v. Whanger**, 30 A.3d 1212 (Pa. Super. 2011), we found that although § 9799.24(a) requires that a defendant's SVP assessment must be conducted

---

[4] Section 9799.12 defines sexually violent offenses as "offense[s] specified in section 9799.14 (relating to sexual offenses and tier system) as a Tier I, Tier II, or Tier III sexual offense." 42 Pa.C.S.A. § 9799.12. Appellant was convicted of statutory sexual assault and indecent assault, which are classified as Tier II and Tier I sexual offenses, respectively. **See** 42 Pa.C.S.A. § 9799.14(c)(1.1); (b)(6).

by the SOAB prior to sentencing, a defendant can waive the pre-sentence requirement in a written colloquy. **See id**., at 1214. Further, if a defendant knowingly waives the pre-sentence SOAB assessment requirement, the judgment of sentence is not final until the SVP determination is rendered. **See Commonwealth v. Schrader**, 141 A.3d 558, 561 (Pa. Super. 2016).

However, we have not explicitly addressed the finality of a judgment of sentence where a defendant has *not* waived his right to have the SVP hearing conducted prior to sentencing and the SVP hearing occurs after sentencing, unchallenged.[5] This is the situation we encounter here. There is no evidence of record that Appellant ever waived the right to a pre-sentence SVP hearing. As such, the holding in **Schrader** delaying the finality of the judgment of sentence until the SVP determination is not applicable here. Additionally, we have long held that an SVP order is a non-punitive collateral consequence of a criminal judgment of sentence. **See Commonwealth v. Harris**, 972 A.2d 1196, 1201 (Pa. Super. 2009). "As the SVP order is collateral to the sentence, but a final order relative to the sole issue before the SVP court, a defendant whose SVP hearing occurs after sentencing can obviously appeal from that order regardless of whether it makes judgment of

_____

[5] Of course, had trial counsel objected to the lower's court's failure to adhere to the procedural mandates of the applicable statute and timely appealed Appellant's judgment of sentence, we would have simply vacated Appellant's judgment of sentence, remanded for resentencing, and avoided the procedural problem. **See Baird**, 856 A.2d at 118.

sentence final." ***Commonwealth v. Whanger***, 30 A.3d 1212, 1219 n.3 (Pa. Super. 2011) (Bowes, J., concurring opinion). Thus, in this unique situation, we find that Appellant's judgment of sentence became final thirty days after sentencing. ***See*** Pa.R.Crim.P. 903(a).

As such, Appellant's PCRA petition was timely. ***See*** Pa.R.Crim.P. 901(A). However, we cannot reach the merits of Appellant's PCRA petition because the lower court failed to appoint counsel prior to dismissing his PCRA petition.[6]

Rule 904 of the Rules of Criminal Procedure *requires* the appointment of counsel for an indigent petition on his first PCRA petition. ***See*** Pa.R.Crim.P. 904(c). As such, this Court has stated as follows:

> An indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. This right to representation exists throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief. Once counsel has entered an appearance on defendant's behalf, counsel is obligated to continue representation until the case is concluded or counsel is granted leave by the court to withdraw his appearance.

***Commonwealth v. Brown***, 836 A.2d 997, 998-999 (Pa. Super. 2003) (citations and internal quotation marks omitted).

---

[6] We recognize that technically trial counsel represented Appellant at the time Appellant filed his *pro se* PCRA petition, and later represented Appellant at his SVP hearing. However, as Appellant's allegations of ineffectiveness within his PCRA petition were aimed at trial counsel, it would have been inappropriate for trial counsel to assist Appellant with his PCRA petition. Additionally, there is no evidence of record that trial counsel was in any way involved with the filing, or disposition, of Appellant's PCRA petition.

Here, our review of the certified record reflects that Appellant filed his first petition for PCRA relief acting *pro se*, averred a lack of resources to hire an attorney, and requested the court to appoint counsel to represent him. **See** PCRA Petition, 3/28/16, at 7. Indeed, Appellant is proceeding *in forma pauperis* in this appeal.

Because the court did not appoint counsel to represent Appellant in this first PCRA petition, we vacate the dismissal order. We remand this case to the PCRA court to appoint counsel to represent Appellant, and for further proceedings as are appropriate under the PCRA. **See** Pa.R.Crim.P. 904(c); **Commonwealth v. Evans**, 866 A.2d 442, 444-446 (Pa. Super. 2005).

Order vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2017