J-S38036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ERIC TORRES | |
| Appellant | No. 1998 EDA 2016 |

Appeal from the PCRA Order May 31, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s):CP-51-CR-0015063-2010

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED AUGUST 09, 2017**

Appellant, Eric Torres, appeals from the order of the Philadelphia County Court of Common Pleas, dismissing his first Post Conviction Relief Act[1] ("PCRA") petition. Appellant alleges ineffective assistance of plea counsel. For the reasons that follow, we decline to address the merits of Appellant's PCRA claim, but are constrained to vacate the PCRA court's order and remand for resentencing.

On October 26, 2011, Appellant signed a written guilty plea colloquy, which indicated he was pleading guilty to two counts of simple assault,[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2701(a)(1) and (3).

graded as second-degree misdemeanors, and one count each of burglary,[3] a first-degree felony, and indecent assault—forcible compulsion,[4] a first-degree misdemeanor. Written Guilty Plea Colloquy, 10/26/11, at 1. The written colloquy stated that the aggregate recommended sentence was 7½ to 15 years' imprisonment, followed by 5 years' probation. ***Id.***

That same day, Appellant appeared before the trial court, and the following colloquy occurred:

> THE COURT: Has anyone forced or threatened you to plead guilty today?
>
> [APPELLANT]: No.
>
> THE COURT: Are you currently under the influence of any drugs or alcohol as I talk to you today?
>
> [APPELLANT]: No.
>
> THE COURT: And are you currently under the care of a psychiatrist or psychologist as I talk to you today?
>
> [APPELLANT]: No.

---

[3] 18 Pa.C.S. § 3502(a).

[4] 18 Pa.C.S. § 3126(a)(2). At the time of Appellant's plea, a conviction for indecent assault graded as a first-degree misdemeanor was automatically subject to a ten-year registration period. ***See*** 42 Pa.C.S. § 9795.1 (expired). Indecent assault under Subsection(a)(2) currently constitutes an offense subject to a twenty-five year registration period. ***See*** 42 Pa.C.S. § 9799.14(c)(1.3).

It is not clear from the record whether Appellant was previously convicted of a sexually violent offense as would trigger an automatic lifetime registration requirement. The Commonwealth, however, nol prossed a charge of attempted rape, which carried a lifetime registration requirement under the former and current law.

> THE COURT: I have in front of me a written guilty plea colloquy. Have you viewed this document with your attorney?
>
> [APPELLANT]: Yes.
>
> THE COURT: Have you understood everything contained in the document?
>
> [APPELLANT]: Yes.

N.T. Guilty Plea/Sentencing, 10/26/11, at 4-5. The trial court accepted Appellant's guilty plea.

The matter immediately proceeded to a sentencing hearing:

> THE COURT: All right. I think Counsel and I have agreed that we'd go to sentencing today, at least.
>
> [PLEA COUNSEL]: Yes, ma'am, Your Honor. Your Honor, there is a negotiation by and between counsel on this matter of seven and a half to 15 years incarceration, which we would ask Your Honor to impose today. There's an additional five-year probation tail on the indecent assault charge, however we must defer that sentencing until the Megan's Law assessment can be completed. So we'll need a 90-day date for that.
>
> * * *
>
> THE COURT: All right. I will—on the case that he just plead guilty on today, I will accept the recommended sentence of both Counsel and I'll sentence you to seven and a half to 15 years incarceration.

J-S38036-17

*Id.* at 9-10.[5]  The Commonwealth represented that it would submit a proposed order directing Appellant undergo a sexual offender assessment. *Id.* at 12-13.  Plea counsel advised Appellant of his rights to file a post-sentence motion and direct appeal.

The trial court thereafter entered a sentencing order imposing "a Minimum Term of 7 years **and 15 months** and a Maximum Term of 15 years" on each count, including the first-degree felony burglary, the two second-degree misdemeanor simple assaults and the first-degree misdemeanor indecent assault.  Guilty Plea Sentencing Order, 10/26/11, at 1 (emphasis added).  The order further stated "Probation tail to be deferred (02/07/12-90 days); awaiting Megans Law assessment." *Id.* at 2.  Neither Appellant nor the Commonwealth filed post-sentence motions or took a direct appeal.  The record does not include an order directing a sexual offender assessment or indicate that Appellant underwent an assessment.

The October 26, 2011 sentencing order was docketed as "penalty assessed," but indicated that the case was "held" and "list[ed] for jury trial 12/12/11." Docket Entry Nos. 45 & 46.  Thereafter, the docket contained numerous entries stating that the case was "listed in error." *Id.* at Nos. 47-52.  Beginning on August 7, 2012, the docket contains various entries indicating that the case "was incorrectly listed as 'disposed' per [the

---

[5] Appellant was also sentenced to a concurrent eleven and one half to twenty three months' imprisonment, plus two years' imprisonment on an unrelated offense.  N.T. at 10-11.

- 4 -

Commonwealth]. Added to list as a sentence deferred at her request . . . ." ***Id.*** at Nos. 53-62

Meanwhile, on October 24, 2012, Appellant filed a *pro se* PCRA petition. Beginning in March 2013, the docket indicates that sentencing was continued due to plea counsel's unavailability. ***Id.*** at Nos. 79-82. On December 10, 2013, the PCRA court appointed PCRA counsel, who filed an amended PCRA petition on September 22, 2014, alleging plea counsel caused Appellant to enter an invalid plea by promising him a more lenient sentence. On June 26, 2016, the docket indicated that sentencing was "cancelled." ***Id.*** at No. 97. Thereafter, the Commonwealth filed a motion to dismiss Appellant's PCRA petition. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed Appellant's petition on May 31, 2016.[6] Appellant timely filed a notice of appeal on June 29, 2016. The presiding judge did not order a Pa.R.A.P. 1925(b) statement and retired before filing a Pa.R.A.P. 1925(a) opinion.

---

[6] A review of the docket reveals that the PCRA court initially dismissed Appellant's petition on April 28, 2016, prior to issuing Rule 907 notice. However, the PCRA court subsequently issued Rule 907 notice and then formally dismissed Appellant's petition.

Preliminarily, we are constrained to observe that the October 26, 2011 sentencing order is illegal for several reasons.[7] Initially, the order contains obvious transcription errors resulting in the imposition of sentences of 7 years and 15 months (*i.e.*, 8 years and 3 months) to 15 years' imprisonment on all charges, including the misdemeanors. This violates the "minimum-maximum" rule, **see** 42 Pa.C.S. § 9756(b) (requiring the minimum sentence to not exceed one-half of the maximum sentence), and exceeds the lawful maximum sentences for the misdemeanor offenses. **See** 18 Pa.C.S. § 1104.

Moreover, the October 26, 2011 order is defective because it purported to defer imposition of the 5-year probationary tail based on the apparent agreement of the parties. **See e.g. Commonwealth v. Mariani**, 869 A.2d 484, 487 (Pa. Super. 2005) (noting "an order of restitution to be determined later is *ipso facto* illegal"); **see also** 42 Pa.C.S. §§ 5505, 9721; Pa.R.A.P. 903(c)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."). Similarly, the trial court must generally order a sexual offender assessment **prior to sentencing**. **See Commonwealth v. Baird**, 856 A.2d 114, 118 (Pa. Super. 2004) (discussing former version of 42 Pa.C.S. § 9795.4(e)(3) and holding "the procedure of reaching a determination of whether one is an

---

[7] Issues regarding legality of sentence may be raised by this Court *sua sponte*. **See Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013).

offender or an SVP, as outlined in Megan's Law, must necessarily precede sentencing"); *see also* 42 Pa.C.S. § 9799.24(a), (e)(3) (eff. Dec. 20, 2012).

Therefore, it is apparent that the October 26, 2011 sentencing order must be vacated as illegal. Accordingly, we vacate the order denying Appellant's PCRA petition, vacate the October 26, 2011 sentencing order, and remand this matter for resentencing. On remand, Appellant may file a motion to withdraw his plea, or the parties may seek to renegotiate the terms of the plea agreement. If the trial court denies the request to withdraw the plea, or accepts the renegotiated terms of the plea agreement, the trial court shall order a sexual offender assessment prior to sentencing. Upon sentencing, the trial court shall order all credit due. The parties shall have the right to file post-sentence motions and take a direct appeal from the judgment of sentence.

Order vacated. October 26, 2011 order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2017