J-A02042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW DAVID NEIL | : | |
| | : | |
| Appellant | : | No. 1335 MDA 2017 |

Appeal from the Judgment of Sentence July 24, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005360-2011

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 17, 2019**

Appellant Matthew David Neil appeals from the judgment of sentence imposed following violation of probation (VOP) proceedings for sexual abuse of children and criminal use of a communication facility.[1]  Appellant's sole claim is that the trial court erred by refusing to enter an order that he is not subject to the sex offender registration requirements of either the Sex Offender Registration and Notification Act (SORNA) or Megan's Law III,[2] which was in effect at the time of his conviction and sentencing.  We affirm.

The trial court summarized the relevant background of this matter as follows:

---

[1] 18 Pa.C.S. §§ 6312(d) and 7512(a), respectively.

[2] 42 Pa.C.S. §§ 9799.10-9799.41 and 42 Pa.C.S. §§ 9791-9799.9 (expired December 20, 2012), respectively.

On September 7, 2012, [Appellant] entered open *nolo contendere* pleas to one (1) count each of sexual abuse of children and criminal use of a communication facility[, for offenses committed in December 2010]. Following the preparation of a presentence investigation report, [Appellant] was sentenced on November 1, 2012 to an aggregate term of seven (7) years of probation. At the time of his original sentencing, [Appellant] was notified that, because of his conviction, he would be required to comply with sex offender registration requirements for ten (10) years [under Megan's Law III].

Subsequently, [Appellant] was twice found to be in violation of his probation and was sentenced accordingly on May 2, 2013 and January 10, 2014 to new seven (7) year probation periods. [Appellant] was most recently found to be in violation of his probation on May 10, 2017 due to the filing of new charges for possession of child pornography. [Appellant was not ordered to register under SORNA during any of the VOP proceedings.] Following the completion of a pre-sentence investigation report, [Appellant] was sentenced on July 24, 2017 to a split sentence of one (1) to three (3) years of incarceration and four (4) years of probation. . . .

At the time of his probation/parole violation sentencing, counsel for [Appellant (VOP counsel)] made a statement that he did not believe his client was subject to the requirements of [SORNA], but went on to state that he merely wanted to place that statement on the record and did[ not] know how the new, probation violation sentence, would be affected.[3] [Appellant] did not request any

---

[3] We note that in 2014, this Court decided **Commonwealth v. Partee**, 86 A.3d 245 (Pa. Super. 2014), which held that a violation of probation constituted a breach of plea agreement that would otherwise entitle a defendant to avoid SORNA's increased registration period. **Partee**, 86 A.3d at 250. On July 19, 2017, five days before the VOP sentencing hearing in the present matter, the Pennsylvania Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). The **Muniz** Court held that the enhanced registration provisions of the former version of SORNA were punitive and the retroactive application of those provisions violated the *ex post facto* clauses of the Pennsylvania and federal constitutions. **See Muniz**, 164 A.3d at 1223. This Court subsequently decided **Commonwealth v. Fernandez**, 195 A.3d 299 (Pa. Super. 2018) (*en banc*), on September 8, 2018, during the pendency

relief or order at that time and his judgment of sentence contained no order to comply with any sex offender registration requirements. Furthermore, [Appellant] did not file any post-sentence motions. [Appellant] first sought relief from his judgment of sentence with the filing of his August 23, 2017 notice of appeal[.]

Trial Ct. Op., 10/27/17, at 1-3.

After Appellant filed his notice of appeal, the trial court ordered him to file a Pa.R.A.P. 1925(b) statement. Appellant timely filed a Rule 1925(b) statement in which he asserted that the trial court erred in refusing to order that Appellant is no longer required to register as a sex offender. The trial court complied with Rule 1925(a), and noted:

[Appellant] seeks an order declaring that he is no longer required to register as a sex offender because of the decision in **Com[monwealth] v. Muniz**, 164 A.3d 1189, 1193 (Pa. 2017). Regardless of whether [Appellant's] claim has any merit, the Courts of Common Pleas simply do not have jurisdiction to grant relief to persons in [Appellant's] circumstances. Unlike the defendants in **Muniz** and [**Commonwealth v. Leonard**, 172 A.3d 628 (Pa. Super. 2017)], there is no order by any court of this Commonwealth stating that [Appellant] is subject to the requirements of SORNA. Furthermore, no court of this Commonwealth has ordered that [Appellant] continue to register as a sex offender. [Appellant's] sentence for his recent parole/probation violation contained no provision concerning sex offender registration and there was no reason for it to contain any such provision. If [Appellant] continues to be subject to any registration requirements, it is as a result of his original conviction and sentencing and not a result of his having been found in violation of his parole/probation.

\* \* \*

_____

of this appeal, and after the trial court authored its Pa.R.A.P. 1925(a) opinion. The **Fernandez** Court expressly found that **Muniz** abrogated **Partee**. **Fernandez**, 195 A.3d at 311.

- 3 -

[Appellant's] claim raises no challenge to the July 24, 2017 judgment of sentence and clearly seeks only declaratory and injunctive relief against [the Pennsylvania State Police, and the court does] not have jurisdiction to grant such relief.

*Id.* at 7-8

On appeal, Appellant raises one question for our review: "Did the trial court err in refusing to issue an [o]rder that [Appellant] is no longer required to register as a sex offender, pursuant to *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017)?" Appellant's Brief at 4. Appellant argues that he

committed the offense for which he was subjected to sex offender registration prior to SORNA's effective date. Therefore, pursuant to *Muniz*, he cannot constitutionally be subject to registration under SORNA. Nor can any other prior version of Megan's Law apply to [Appellant] because since December 20, 2012, there is no applicable statutory mechanism which can impose registration obligations upon a person whose underlying sexual offense occurred prior to December 20, 2012.

*Id.* at 9.

Initially, we note that Appellant failed to raise a challenge to the applicability of Megan's Law in the trial court. Appellant's VOP counsel merely stated for the record that he believed that SORNA was not applicable to Appellant's case. However, VOP counsel did not object to the application of Megan's Law. Accordingly, any argument regarding Megan's Law has been waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Regarding Appellant's challenge to the applicability of SORNA, we note that "application of a statute is a question of law, . . . our standard of review is plenary, [and] our standard of review is limited to a determination of

- 4 -

whether the trial court committed an error of law." ***Commonwealth v. Baird***, 856 A.2d 114, 115 (Pa. Super. 2004) (citation omitted). Under ***Muniz***, the retroactive application of SORNA's provisions violated the *ex post facto* clauses of the Pennsylvania and federal constitutions. ***Muniz***, 164 A.3d at 1223.

Here, no order has been entered during any of Appellant's VOP proceedings requiring Appellant to comply with SORNA. Accordingly, we agree with Appellant that the pre-***Muniz*** version of SORNA cannot apply retroactively to Appellant. ***See Baird***, 856 A.2d at 115.

However, contrary to Appellant's arguments, ***Muniz*** does not hold that a defendant may avoid a registration requirement under the law. ***Cf. Commonwealth v. Horning***, 193 A.3d 411, 417 n.3 (Pa. Super. 2018). Appellant, furthermore, fails to cite any authority that the trial court was required to determine Appellant's registration requirement, or reclassify Appellant, at the time of his VOP sentencing hearing. ***Cf. Fernandez***, 195 A.3d at 310. Lastly, Appellant has not acknowledged the developments in the relevant statutes and case law regarding the registration of sexual offenders while this appeal has been pending. ***See id.***; ***see also*** 2018, June 12, P.L. 140, No. 29 ("Act 29"); 2018, Feb. 21, P.L. 27, No. 10 ("Act 10").

Under the unique circumstances of this case, and because Appellant will not be precluded from raising the issue of the applicable registration requirements in the future, ***see Fernandez***, 195 A.3d at 310, we conclude that Appellant has not established reversible error.

- 5 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2019