**Steven R. GORDON, Petitioner**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Pennsylvania State Police, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 8, 2010.
Decided Dec. 30, 2010.

Steven R. Gordon, petitioner, pro se.

Travis S. Anderson, Asst. Counsel, Camp Hill, for respondents.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and FRIEDMAN, Senior Judge.

OPINION BY President Judge LEADBETTER.

▉▉▉ Before us for disposition in our original jurisdiction are the preliminary objections of Respondents the Pennsylvania Department of Corrections (DOC) and the Pennsylvania State Police (PSP) to the amended petition for review for mandamus and injunctive relief filed by *pro se* Petitioner Steven R. Gordon requesting exemption from any and all requirements under what is colloquially known as Megan's Law (the Law), 42 Pa.C.S. §§ 9791–9799.9.[1] The primary issue in this case is whether Gordon should be subject to the Law where the sentencing court failed to follow the notification procedures set forth in Section 9795.3 of the Law, 42 Pa.C.S. § 9795.3, and failed to order an assessment by the Sexual Offender Assessment Board (SOAB) under Section 9795.4(a) of the Law, 42 Pa.C.S. § 9795.4(a). For the reasons that follow, we sustain the preliminary objections and dismiss the petition with prejudice.

▉▉▉ Gordon made the following averments in his petition.[2] On December 8, 2000, the Court of Common Pleas of Bucks County sentenced him to five to ten years of incarceration for committing "a domestic offense in the confines of the marital home." Amended Petition, ¶ 1. Acknowledging that the paperwork reflected that his crimes were aggravated assault and attempted rape,[3] Gordon alleged that the sentencing court did not provide him with notice regarding his obligations under the Law or order an assessment by the SOAB. Nonetheless, after Gordon served his sentence, a records specialist called him to the records office at the State Correctional Institution (SCI) Cresson on April 12, 2010 to sign Megan's Law registration papers for the PSP. Gordon averred that his "failure to sign and register an address would have potentially affected his release

---

1. We note that mandamus is the proper remedy only where the plaintiff demonstrates that he has a clear legal right to the performance of a purely ministerial non-discretionary act, the defendant has a corresponding mandatory duty to perform the act and there is no other appropriate or adequate remedy. *Nieves v. Pa. Bd. of Prob. & Parole*, 995 A.2d 412 (Pa. Cmwlth.2010). We further note that, in order to obtain an injunction, "a party must establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested." *Harding v. Stickman*, 823 A.2d 1110, 1111 (Pa.Cmwlth. 2003). We may not grant such relief where an adequate remedy at law exists. *Id.*

2. In ruling upon preliminary objections in the nature of a demurrer, the Court must accept as true all well-pled facts and all reasonable inferences deducible therefrom, and it must determine whether the facts pled are legally sufficient to permit the action to continue. *Altoona Housing Auth. v. City of Altoona*, 785 A.2d 1047 (Pa.Cmwlth.2001). We are not required, however, to accept conclusions of law or expressions of opinion. *Pa. Div., Horsemen's Benevolent & Protective Ass'n, Inc. v. Mountainview Thoroughbred Racing Ass'n*, 855 A.2d 957 (Pa.Cmwlth.2004). In that a demurrer results in the dismissal of a suit, it should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded. *Id.*

3. Even though Gordon somewhat inartfully pled those convictions, he did aver that his attached sentencing sheet showed aggravated assault and that his attached DOC sentence status summary sheet listed criminal attempted rape. Amended Petition, ¶ 2. As both sheets show a sentencing date of December 8, 2000, we accept that he was convicted of those offenses.

**1176**

on May 8, 2010 and potentially subjected him to felony charges for not registering as a sex offender." Amended Petition, ¶ 5.

Based on those averments, Gordon asserts that 1) the DOC had no authority to obtain Megan's Law registration information from him without an order of court; 2) the Law should not apply where the sentencing court failed to satisfy the notice requirements and failed to order an assessment by the SOAB; 3) the Law does not and should not apply to him because he is unlikely to re-offend, especially given the fact that his victim was his adult ex-wife; and 4) the amendments to the Law that have taken effect since his conviction constitute *ex post facto* punishment. In his claim for relief, Gordon requests the following:

> Petitioner prays that this Honorable Court will exempt him from any and all Megan's Law and subsequent registration by the facts shown herein with errors by trial court and the general application to low risk sex offenders, bar the Pennsylvania DOC from registering sex offenders without court[-]ordered applications and grant an immediate temporary injunction on said registration of Petitioner.

Amended Petition at p. 3.

In response, Respondents filed preliminary objections in the nature of a demurrer asserting that Gordon has failed to state a cause of action as a matter of law. They alleged that he has no clear right to relief and that Respondents have neither the duty nor the authority to provide him with his requested relief. Specifically, they maintained that when there is a predicate offense, such as attempted rape, registration is required under Section 9795.1 of the Law, 42 Pa.C.S. § 9795.1. Further,

they alleged that the sentencing court's failure to render a notification colloquy or order an assessment by the SOAB did not vitiate that mandatory duty to register. Finally, the DOC asserted that it was not a proper party to Gordon's amended petition because it would have no further role in enforcing his compliance with the Law.[4] We turn now to Gordon's first argument.

Gordon contends that the DOC had no authority to obtain Megan's Law registration information from him without an order of court. He asserts that the DOC is not a law-making or law-upholding agency entrusted with the application of any law outside of the scope of its authority, but an agency entrusted with the care, custody and control of prisoners committed to state correctional institutions. Further, noting that both the notification and the assessment provisions contain the word "shall," he argues that the Law should not apply where the sentencing court failed to follow the mandatory directives of those provisions. In pertinent part, Section 9795.3 provides that "[t]he sentencing court shall inform offenders and sexually violent predators [SVPs] at the time of sentencing of the provisions of this subchapter." 42 Pa.C.S. § 9795.3. Section 9795.4(a), in relevant part, provides that "[a]fter conviction but before sentencing, a court shall order an individual convicted of an offense specified in section 9795.1 (relating to registration) to be assessed by the board." 42 Pa.C.S. § 9795.4(a).

In response, Respondents maintain with regard to the notification provision that there is no requirement that the sentencing court affirmatively order a sex offender to comply with the Law. They ac-

4. Because we conclude that Gordon failed to state a valid cause of action in the amended petition for review, we need not address whether the DOC is a proper party to this action.

knowledge that the provision includes mandatory language, but contend that the court's failure to render it does not excuse a sex offender from his or her mandatory duty to comply with the Law. They assert that the colloquy does not constitute "magic words" that must be spoken in order for the Law's restrictions to attach, but instead admonishments to put the offender on notice of what the Law requires. Respondents cite several cases in support of their position.

In *Commonwealth v. Benner*, 853 A.2d 1068 (Pa.Super.2004), the Court rejected Benner's claims that because he had negotiated his plea on the understanding that he would not be subject to registration and the sentencing court did not inform him of the registration requirement, his plea was rendered involuntary. The Court rejected the claims, reasoning that "[b]ecause the registration requirement under either Megan's Law [I or II] is a collateral consequence of the defendant's plea, the failure of the court to apprise him of it does not invalidate the plea." *Id.* at 1071. Respondents also cite *Commonwealth v. Miller*, 787 A.2d 1036 (Pa.Super.2001), rejecting Miller's claim that because the federal court in Hawaii failed to inform him at the time of sentencing for a federal sex crime of his duties to register under the Law, he should not be required to register upon completing his prison sentence and relocating to Pennsylvania. The Court reasoned that the federal court's failure to render the colloquy was of no moment because Pennsylvania as the new or receiving jurisdiction apprised Miller of the registration requirements after he entered the Commonwealth. Respondents contend, therefore, that the sentencing court's failure in the present case to render the colloquy was not fatal and constituted a harmless procedural defect that was cured when the records specialist apprised Gordon of the requirements when he executed his registration paperwork at SCI–Cresson.

With regard to the sentencing court's failure to order an assessment, Respondents argue that *Commonwealth v. Baird*, 856 A.2d 114 (Pa.Super.2004), does not mandate a different result. In that case, the Court found that the sentencing court erred by sentencing Baird for possession of child pornography prior to his assessment and, accordingly, vacated the judgment of sentence and remanded for resentencing. The Court reasoned that because Baird had to comply with whatever Megan's law obligations were applicable to him, which depended upon whether he was determined to be an offender or a SVP, then "it makes sense that the sentencing court, at the time of sentencing, must inform an offender or SVP, as the case may be, of his or her registration obligations, as these obligations will differ depending on [his classification]...." *Id.* at 116. As applied to the present case, Respondents maintain that merely because Gordon was not assessed by the SOAB to determine whether he should be subject to greater restrictions does not mean that he should be free of all restrictions. They point out that the failure to order the assessment only benefitted Gordon in that he cannot be subject to the more rigorous restrictions applicable to SVPs and that any possible detriment resulting from the failure to order the assessment belongs to the public.

Moreover, Respondents assert that the plain language of Section 9795.1 of the Law imposes upon a sex offender convicted of a predicate offense such as attempted rape, without exception, an automatic and mandatory duty to register. In pertinent part, Section 9795.1(a) provides that "[t]he following individuals shall be required to register" and subsection (b) provides that "[t]he following individuals shall

be subject to lifetime registration...." They point out that there is no authority that limits or creates an exception to the unambiguous language of that section and that even a "natural disaster" clause provides that an individual shall not be exempt from compliance even under that exigent circumstance.

We agree that the sentencing court's failure to render the colloquy and to order an assessment did not vitiate Gordon's obligations under the Law. With regard to Gordon's contention that the DOC is neither a law-making nor a law-upholding agency, we note that both the DOC and the PSP as law-abiding agencies were required to carry out their respective obligations under the Law. Specifically, the DOC had a mandatory, ministerial duty to collect Gordon's registration information under Section 9795.2(a)(4) of the Law, 42 Pa.C.S. § 9795.2(a)(4), and the PSP had and has an ongoing, statutorily-mandated obligation under Section 9799.1 of the Law, 42 Pa.C.S. § 9799.1, *inter alia*, to maintain the Law's registry. Accordingly, as Respondents maintain, mandamus cannot lie because neither the DOC nor the PSP had a duty or the power to exempt Gordon from the Law or any discretion to determine who must comply with the Law.

Moreover, the legislature provided no statutory exemptions for registration in cases where the sentencing court failed to render a notification colloquy or order a SOAB assessment. As the entity empowered with the responsibility to interpret the law, therefore, this Court concludes that it cannot grant mandamus or injunctive relief in the absence of any statutory basis for exemption from the Law's applicability. In so determining, we do not condone the fact that the colloquy was not rendered, but find no basis for excusing Gordon from the mandatory registration requirements. Further, as Respondents point out, failure to order the assessment only benefitted Gordon in that he cannot be subject to the more demanding restrictions applicable to SVPs. The failure to order such an assessment, therefore, cannot provide a basis for ordering the requested equitable relief.

■ Gordon next argues that the Law does not and should not apply to him because he is unlikely to re-offend, especially given the fact that his victim was his adult ex-wife. He notes that the oft-cited purpose of the Law is "to protect the public by providing them with adequate notice and information about a sexual offender planning to live, work or reside in any given community, thereby providing the community with an opportunity to develop a constructive plan to prepare themselves and their children for the offender's release."[5] He maintains that there is no basis for establishing that he presents a threat to the community as a potential recidivist and that Respondents failed to show any reasonable danger.

In response, Respondents emphasize that the fact that the victim of Gordon's crimes was an adult does not establish any clear legal right to relief. The Law is clear that when an individual is convicted of certain crimes, he or she must register. Respondents point out that our Supreme Court in a Megan's Law case held that "overinclusiveness is not dispositive where the danger posed to society is so great." *Commonwealth v. Lee,* 594 Pa. 266, 301, 935 A.2d 865, 886 (2007). Additionally, they emphasize that our Superior Court has noted that certain burdens or inconveniences imposed by the Law are justified by and clearly outweighed by the state's compelling interest in public safety. *Commonwealth v. Howe,* 842 A.2d 436, 446

---

**5.** *Baird,* 856 A.2d at 115–16 [citing Section 9791(a)(1) of the Law].

(Pa.Super.2004). Accordingly, they contend that Gordon has no right to injunctive relief in that the injury he suffers by complying with the Law pales in comparison to the injury to public safety caused by an offender's failure to abide by the Law. *See id.*

We agree with Respondents and reject Gordon's argument that the Law should not apply to him due to his victim's age. The General Assembly in Section 9795.1 chose to make certain crimes predicate offenses, *regardless* of the victim's age. Offenders convicted of such crimes, without exception, are required under the Law to register with the PSP. *Commonwealth v. Dengler,* 586 Pa. 54, 890 A.2d 372 (2005); *Baird.* Accordingly, because the legislature did not enact an age-based exception, we reject Gordon's argument that the age of the victim should dictate the applicability of the Law.

■ Next, we address Gordon's contention that the Law should not apply to him because the amendments thereto that have taken effect since his conviction constitute *ex post facto* punishment. It is well-established that the registration and notification requirements on convicted sex offenders do not constitute *ex post facto* punishment. *Dodgson v. Pa. Dep't of Corr.,* 922 A.2d 1023 (Pa.Cmwlth.2007). The Law's restrictions are remedial in nature, designed to promote public safety, and are not punitive. *Commonwealth v. Leidig,* 598 Pa. 211, 956 A.2d 399 (2008); *Commonwealth v. Williams,* 977 A.2d 1174 (Pa.Super.2009), *appeal denied,* 605 Pa. 700, 990 A.2d 730 (2010). We, therefore, reject Gordon's argument pertaining to *ex post facto* punishment.

Accordingly, having found no basis for either mandamus or injunctive relief, we sustain the preliminary objections in the nature of a demurrer and dismiss the petition for review for mandamus and injunctive relief with prejudice.

## ORDER

AND NOW, this 30th day of December 2010, the preliminary objections in the nature of a demurrer in the above-captioned matter are hereby SUSTAINED and the petition for review for mandamus and injunctive relief is DISMISSED with prejudice.