# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darnell Newsome,                          :
                  Petitioner     :
                                           :
                v.                                  :
                                           :
Pennsylvania Dept. of Correction and      :
Diane Yale, Record Supervisor             :
SCI-Dallas,                               :   No. 258 M.D. 2016
                  Respondents   :   Submitted: December 9, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                FILED: January 5, 2017


Before this Court in our original jurisdiction is the preliminary objection in the nature of a demurrer of the Pennsylvania Department of Corrections (Department) and Diane Yale, Record Supervisor (together, Respondents) to the *pro se* petition for review (Petition) filed by Darnell Newsome (Newsome) seeking a writ of mandamus compelling the Department to recalculate his prison sentence. For the reasons that follow, the preliminary objection is overruled.

Newsome is an inmate currently incarcerated at the State Correctional Institution at Dallas (SCI-Dallas). Newsome was found guilty of multiple criminal

offenses in the Philadelphia County Court of Common Pleas (trial court), including simple assault, endangering the welfare of children, two counts of recklessly endangering another person and various firearms/weapons charges.  On October 6, 2011, the trial court sentenced Newsome, in pertinent part, as follows:  3 years 6 months to 7 years on Count 2, firearms not to be carried without a license; 5 to 10 years on Count 4, possession of a firearm prohibited; and 1 to 2 years on Count 7, simple assault.

Following his transfer to SCI-Dallas on October 13, 2011, the Department computed Newsome's sentence and issued a form DC 16E – Sentence Status Summary indicating that his minimum release date is February 27, 2020, and his maximum release date is August 27, 2029.  (Exhibit B to Newsome's Brief.)  This computation reflects the Department's interpretation that Newsome's sentence on Counts 2, 4 and 7 are to run consecutively to each other, resulting in an aggregate sentence of 9 years 6 months to 19 years' incarceration.

In April 2016, Newsome filed this mandamus Petition[1] alleging that the Department erroneously calculated his minimum and maximum dates on its DC

---

[1] Mandamus is an extraordinary action and is available "to compel the performance of a mandatory duty or a ministerial act only where:  (1) the petitioner has a clear legal right to enforce the performance of the act, (2) the defendant has a corresponding duty to perform the act and (3) the petitioner has no other adequate or appropriate remedy." *Saunders v. Department of Corrections*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000).  This Court has held that because a sentence imposed by a trial court involves no discretion on the part of the Department, mandamus may be used to compel the Department to compute a prisoner's sentence properly. *Id.*; *see also Powell v. Pennsylvania Department of Corrections*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011).

16E form.  According to Newsome's Petition, his original incarceration date was October 12, 2010, but the Department failed to award him credit for the year of time he served from his original incarceration until his sentencing on October 6, 2011.  Newsome also avers that during sentencing, the trial court judge specified that all sentences were to run concurrent for a total aggregate sentence of 7 to 14 years rather than the 9 years 6 months to 19 years that the Department calculated.  Newsome seeks an order from this Court directing the Department "to conduct an accurate reflection of [his] time credit to show that the controlling minimum date is on or about 10-12-2017, and the [] controlling maximum date to be on or about 10-12-2024."  (Newsome's Brief at 5.)

In support of his allegations, Newsome attached to his Petition excerpts from the transcript of his October 6, 2011 sentencing hearing; the Department's DC 16E form dated November 23, 2011, calculating Newsome's minimum and maximum release dates; and one page from Newsome's summary docket sheet in the trial court.  While the Petition repeatedly avers that the sentencing order specifies Newsome was sentenced to a period of incarceration of 7 to 14 years and that this sentencing order is binding on the Department, *Powell v. Department of Corrections*, 14 A.3d 912 (Pa. Cmwlth. 2011), Newsome did not attach a copy of the sentencing order to his Petition.

The Department filed a preliminary objection in the nature of a demurrer[2] alleging that the documents attached to Newsome's Petition show that

---

[2] In reviewing preliminary objections in the nature of a demurrer, "[a]ll well-pled facts in the [petition], and reasonable inferences arising from those facts, are accepted as true.  However, **(Footnote continued on next page…)**

his sentence has been calculated correctly. The Department points to Newsome's criminal docket and the trial court's 300B court commitment forms[3] that state that Counts 2, 4 and 7 are to run consecutively, resulting in an aggregate sentence of 9 years 6 months to 19 years which the Department used in calculating his minimum and maximum dates. Moreover, the Department asserts that Newsome was not entitled to any credit against that sentence because the transcript from his sentencing hearing is silent on the issue of credit, and Newsome's docket sheet and the 300B court commitment forms do not provide for credit for time served. Because the documents that Newsome attached to his petition for review show that his sentence was properly calculated, the Department asserts that Newsome is not entitled to mandamus relief.

It is well established that the Department "is charged with faithfully implementing sentences imposed by the courts. As part of the executive branch, the Department lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." *McCray v. Pennsylvania Department of*

---

**(continued…)**

unwarranted inferences, conclusions of law, argumentative allegations or expressions of opinion need not be accepted." *Richardson v. Wetzel*, 74 A.3d 353, 356 (Pa. Cmwlth. 2013) (quoting *Wilson v. Marrow*, 917 A.2d 357, 361 n.3 (Pa. Cmwlth. 2007)).

[3] Ordinarily, a demurrer is limited to the facts readily ascertainable in the petition and cannot aver additional facts. *See Barndt v. Department of Corrections*, 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006). However, the Court may take judicial notice of official court records and public documents in a connected case. *See, e.g.*, Pa.R.E. 201(b)(2); *Germantown Cab Company v. Philadelphia Parking Authority*, 27 A.3d 280, 283 n.8 (Pa. Cmwlth. 2011); *Doxsey v. Commonwealth*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 2004). Therefore, we may consider the documents attached to the Department's preliminary objection in this matter.

4

*Corrections*, 872 A.2d 1127, 1133 (Pa. 2005).  "Furthermore, '[t]he only sentence known to the law is the sentence or judgment entered upon the records of the court.'"  *Powell v. Department of Corrections*, 14 A.3d 912, 916 (Pa. Cmwlth. 2011) (quoting *Commonwealth ex rel. Woods v. Howard*, 378 A.2d 370, 372 (Pa. Super. 1977)).  When calculating an inmate's sentence, the Department must rely on the sentencing orders and court commitment forms that it receives from the trial court.

While he failed to attach the trial court's sentencing order to his Petition, Newsome instead refers to an excerpt from the transcript of his sentencing hearing where the trial court judge explained that some charges were to be consecutive and others concurrent, and that "the total sentence is, seven to 14 years. . . ." (Exhibit A to Petition at 3.)  Both Newsome's criminal docket and the trial court's 300B court commitment forms clearly state that Count 2 is to run consecutive to Count 7, and Count 7 is to run consecutive to Count 4.  "The courts of Pennsylvania have consistently maintained that oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence."  *Joseph v. Glunt*, 96 A.3d 365, 371 (Pa. Super. 2014) (citing *Commonwealth v. Hodge*, 369 A.2d 815, 820 (Pa. Super. 1977); *Commonwealth v. Foster*, 324 A.2d 538, 539 (Pa. Super. 1974)).  Absent a contrary sentencing order, the Department is bound to follow these documents from the trial court and they support the Department's position that the trial court imposed a total aggregate sentence of 9 years 6 months to 19 years' incarceration.

Regarding Newsome's claim that he is entitled to credit for time served, the excerpts from the sentencing hearing provided to this Court are silent on the issue of credit. The 300B commitment forms and docket sheets do not provide for credit. To the contrary, the 300B commitment forms contain a block titled "CREDIT FOR TIME SERVED," and this block for each of Newsome's offenses states "0 Days." (Exhibit A to Preliminary Objection.) Like the inconsistency between the trial transcript and the criminal docket sheet and the 300 B court commitment forms, there is an inconsistency here regarding credit.

Newsome's criminal docket sheets state that on January 7, 2011, he was found in contempt of court and was sentenced to a period of incarceration of 2 months 14 days to 5 months 29 days. (Exhibit D to Respondents' Brief.) Newsome was paroled from his contempt sentence effective May 1, 2011. (*Id.*) Respondents state that Newsome was given credit for the period of time he was incarcerated outside of his contempt conviction because his DC 16E form reflects that he was awarded credit for time served from October 13, 2010, to January 6, 2011, and from May 2, 2011, to October 6, 2011. Respondents also state that "Newsome's min/max dates were computed taking into consideration credit for time served prior to sentence." (Respondents' Brief at 10.)

Given those inconsistencies, it is not clear from the pleadings and the public documents that the Department properly computed Newsome's sentence. The trial transcript supports Newsome's claim that he received a 7 to 14 year sentence, but the criminal docket and the 300B court commitment form states the sentences are to run consecutively, resulting in a 9 year 6 months to 19 year

sentence. That form also states that Newsome is to receive "0" days credit while the DC 16E form states that he *did* get credit for some of the presentence confinement time. From these documents, we are unable to determine whether the Department's calculation includes the time that it admits should be credited.

While we may take judicial notice of official court records and public documents in a connected case in granting a demurrer, it is also well established that a demurrer "should be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded." *Gordon v. Pennsylvania Department of Corrections*, 16 A.3d 1173, 1176 n.2 (Pa. Cmwlth. 2010). Newsome repeatedly alleges that the sentencing order supports his allegation that he was given a 7 to 14 year sentence. All doubts must be resolved against sustaining the demurrer. *Bundy v. Beard*, 924 A.2d 723, 725 n.2 (Pa. Cmwlth.), *aff'd*, 941 A.2d 646 (Pa. 2007), *cert. denied*, 553 U.S. 1098 (2008). Accordingly, because of the inconsistencies in the documents, we will overrule the Department's preliminary objection.[4]

_____
DAN PELLEGRINI, Senior Judge

---

[4] The Department also contends that Newsome has an alternative remedy available through the Post Conviction Relief Act, 42 Pa. C.S. § 9541-9546 to clarify any discrepancy in the sentencing orders and the 300B commitment forms and public docket. What Newsome is contending, though, is that the sentencing order itself states that his sentences were to run concurrently for a total aggregate sentence of 7 to 14 years rather than the 9 years 6 months to 19 years that the Department calculated. Until the sentencing order is provided, we cannot grant the Department's demurrer.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darnell Newsome, : 
                  Petitioner : 
                   : 
          v. : 
                   : 
Pennsylvania Dept. of Correction and : 
Diane Yale, Record Supervisor : 
SCI-Dallas, : 
               Respondents :   No. 258 M.D. 2016

# **O R D E R**

AND NOW, this $\underline{5}^{\text{th}}$ day of <u>January</u>, 2017, the preliminary objection filed by Respondents Department of Corrections and Diane Yale is overruled.

_____
DAN PELLEGRINI, Senior Judge