IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven M. Wetzel, :
                Petitioner :
  :
       v. : No. 362 M.D. 2018
  : Submitted: March 5, 2021
The Pennsylvania State Police :
of the Commonwealth of :
Pennsylvania, :
             Respondent :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON              FILED: July 14, 2021


Before this Court, in our original jurisdiction, are the preliminary objections of the Pennsylvania State Police of the Commonwealth of Pennsylvania (PSP) to a petition for review in the nature of mandamus (Petition) filed by Steven Wetzel (Wetzel), *pro se*. Wetzel asks this Court to direct PSP to change his sexual offender registration status from "lifetime" to "no registration," per a "negotiated plea between him and the Commonwealth of Pennsylvania." Petition for Review (Petition), 5/17/18 at 1 (emphasis omitted). For the reasons below, we sustain the PSP's preliminary objections and dismiss Wetzel's Petition.

# I.    Petition

This Court received Wetzel's Petition on May 17, 2018.[1]   In it, Wetzel identifies himself as "an adult individual currently residing at [the State Correctional

---

[1] Wetzel challenges his sex offender registration obligations under the law requiring registration of sexual offenders.  The version of the law that was in effect at the time of his Petition was the Act of February 21, 2018, P.L. 27, 42 Pa. C.S. §§9799.10-9799.75 (commonly known as "Act 10").  After Wetzel filed his Petition with this Court, the Act of June 12, 2018, P.L. 140, No. 29, 42 Pa.C.S. §§9799.1-9799.75, commonly known as "Act 29," which reenacted and amended Act 10, was signed into law.  Act 10 and Act 29 are collectively referred to herein as Act 29.  Act 29 is the most recent version of the Sexual Offender Registration and Notification Act (SORNA) and was passed by the General Assembly in response to our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), which held the registration requirements of Pennsylvania's SORNA statute were unconstitutional because they violated the constitutional prohibition against *ex post facto* laws.  In subchapter I of Act 29, the General Assembly established new registration requirements for individuals who committed offenses between April 22, 1996, and December 20, 2012, whose registration period had not expired and for offenders who were required to register under a pre-SORNA statute between April 22, 1996, and December 20, 2012, whose registration period had not yet expired.

The development of the law in the Commonwealth, leading up to SORNA, was addressed by this Court in *Dougherty v. Pennsylvania State Police*, 138 A.3d 152 (Pa. Cmwlth. 2016).  In *Dougherty*, we stated:

> Courts have also referred to SORNA as the Adam Walsh Act.  SORNA was the General Assembly's fourth enactment of the law commonly referred to as Megan's Law.  Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter.  Megan's Law II[, the Act of May 10, 2000, P.L. 74,] was enacted on May 10, 2000[,] in response to Megan's Law I being ruled unconstitutional by our Supreme Court in  *Commonwealth v. Williams*, [733 A.2d 593 (Pa. 1999)]. Our Supreme Court held that some portions of Megan's Law II were unconstitutional in *Commonwealth v. Gomer Williams*, [832 A.2d 962 (Pa. 2003)], and the General Assembly responded by enacting Megan's Law III[, the Act of November 24, 2004, P.L. 1243].  The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011[,] with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006."  42 Pa.C.S. §9799.10(1).

**(Footnote continued on next page…)**

2

Institution] SCI[-]Mahanoy." Petition at 1. He acknowledges that, at the time, he was serving a sentence of three to six years for "Failure to Comply with Registry of Sex Offenders" and that his sentence had a maximum expiration date of August 19, 2018. Petition at 2.

By his own account, Wetzel was arrested and charged with a number of offenses in Northumberland County on July 14, 1994, and entered into a negotiated no contest plea on three counts of Statutory Rape, three counts of Corruption of Morals of a Minor, and three counts of Incest. *Id.* On December 14, 1994, Wetzel was sentenced to 3 years and 6 months, to 10 years, with a maximum sentence date of July 14, 2004. *Id.* He asserts that, in anticipation of the then-upcoming Megan's Law registration requirements for sexual offenders, his plea agreement was based on the understanding that he would not be subject to registration. *Id.*

Wetzel states that, in 2000, he was required to give a DNA sample and that he signed papers with PSP in accordance with Megan's Law. *Id.* Wetzel contends that he contacted his attorney who informed him that he would only be required to register for 10 years after his release from prison. Thus, Wetzel asserts that his "registration requirement expired on December 14, 2014." Petition at 3. Wetzel states that the General Assembly's enactment of SORNA, which became effective on December 20, 2012, along with Act 10, required him to register for life, even though his original plea deal did not include a registration requirement. *Id.*

---

SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution [(Pa. Const. art. III, § 3)]. *Commonwealth v. Neiman*, [84 A.3d 603, 616 (Pa. 2013)]. However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

*Dougherty*, 138 A.3d at 155 n.8.

Wetzel contends that both the United States Constitution and the Pennsylvania Constitution prohibit *ex post facto* laws.[2] Quoting *Commonwealth v. Allshouse*, 36 A.3d 163, 184 (Pa. 2012), Wetzel argues that a law violates the *ex post facto* clauses of both Constitutions if it "changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed." Petition at 4. Further, Wetzel asserts that the requirements of SORNA differ substantially from those of Megan's Law, and that, while the registration requirements imposed by Megan's Law were considered collateral consequences of a conviction, rather than punitive in nature, SORNA's requirements "represent punishment akin to probation." *Id.* Citing *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), Wetzel maintains that our Supreme Court determined SORNA had a punitive effect because it had a quarterly, in-person reporting requirement along with reporting requirements for residence or job changes. Petition at 5. Wetzel adds that our Supreme Court agreed that the requirements of SORNA were excessive, by comparison with Megan's Law, because SORNA did not have any requirement that offenders be designated as sexually violent predators before becoming subject to the law's most stringent requirements. *Id.*

Wetzel contends that his plea agreement was a contract with the Commonwealth and that it did not include a registration provision in it. Thus, by mandating registration requirements that were not part of the plea deal, the Commonwealth violated his due process rights under the Fourteenth Amendment to

---

[2] U.S. Const. art. I, §10; Pa. Const. art. I, §17.

4

the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution.[3] Petition at 6.

For the foregoing reasons, Wetzel argues that PSP should be directed to "correct" his sexual offender registration from lifetime registration to "no registration . . . per a negotiated plea between him[self] and the Commonwealth and [that he] . . . be removed from the registry." Petition at 7 (emphasis omitted).

## II. Preliminary Objections

On July 25, 2018, PSP filed its Preliminary Objections to Wetzel's Petition. As part of these Preliminary Objections, PSP notes that Megan's Law I went into effect on October 24, 1995, Megan's Law II went into effect on May 10, 2000, and Megan's Law II "expressly 'applied to individuals incarcerated or convicted on or after'" its effective date. Preliminary Objections at 2. Further, "Megan's Law III was enacted on November 24, 2004." Preliminary Objections at 3. PSP notes that Megan's Law II was in effect at the time Wetzel was released from prison. Accordingly, he was required to register for 10 years, per the terms of the Law. *Id*. In addition, PSP notes that "[d]uring his time in prison, [Wetzel] was subject to all versions of the sex offender registration statutes." *Id*.

PSP states that SORNA went into effect on December 20, 2012, and that it was "expressly made applicable to an individual who . . . was required to register with the [PSP] . . . prior to December 20, 2012, and who had not fulfilled the individual's period of registration as of December 20, 2012." Preliminary Objections at 4-5 (citing former 42 Pa.C.S. §9799.13(3)(i)). PSP adds that, at the time of Wetzel's Petition, he was serving a sentence relative to a guilty plea or conviction for failing to comply with the registration of sex offenders, but since his

---

[3] U.S. Const. amend. XIV; Pa. Const. art. I, §9.

sentence carried a maximum term expiration date of August 19, 2018, and SORNA's provisions would have subjected him to registration requirements only upon his release, these requirements would be invalid, as to Wetzel, in light of our Supreme Court's *Muniz* opinion. *Id*. (citing *Muniz*, 164 A.3d 1189). PSP adds that any registration requirements would be the result of Act 10, which was signed into law on February 21, 2018, and shortly thereafter, Act 29, which became law in June 2018, rather than as a result of SORNA. PSP's Brief at 6.

PSP states that Act 29 was a response to *Muniz* and that it essentially restored the status quo as it existed under Megan's Law III, prior to SORNA becoming effective, and that Act 29 applies to sex offenders who committed their crimes prior to December 20, 2012. PSP notes that Wetzel will not be subject to the registration requirements of Act 29 until after his release from incarceration and that "[Act 29] does not constitute a criminal punishment because it sets forth a civil registration system." Preliminary Objections at 6. PSP explains that it has no power to exempt Wetzel from Act 29, nor any power to alter his registration period, and it has no discretion to determine who must comply. Preliminary Objections at 7; PSP's Brief at 7. Thus, PSP contends that the Petition fails to state a claim against PSP for which relief may be granted. Preliminary Objections at 7.

Further, PSP argues that Wetzel's Petition should be dismissed because he failed to attach the plea agreement upon which he relies. As PSP states, Pa. R.C.P. No. 1019 states that "'[w]hen a claim . . . is based upon a writing, the pleader *shall* attach a copy of the writing, or the material part thereof . . . .'" Preliminary Objections at 8 (quoting Pa. R.C.P. No. 1019 (emphasis added by PSP)). Further, PSP contends that, since the plea agreement is silent on any registration requirements, per Wetzel's own assertion, the registration requirements imposed on

6

him are in addition to, not in conflict with, same. Preliminary Objections at 8. PSP also maintains that it is not a party to the plea agreement. Thus, a claim of breach of contract cannot lie against PSP. Preliminary Objections at 9. PSP notes that it is not aware of Wetzel attempting to enforce his plea agreement at the trial court level but that it would be the appropriate forum for him to do so. *Id.* Thus, PSP argues that this Court should dismiss Wetzel's Petition for "improper venue and party." *Id.*

Additionally, PSP argues that Act 29, as well as Act 10 before it, complies with federal law and does not violate the *ex post facto* clause or due process clause of the United States or Pennsylvania Constitutions as Wetzel asserts. PSP's Brief at 10-12.

Quoting *Gordon v. Pennsylvania Department of Corrections*, 16 A.3d 1173, 1175 n.1 (Pa. Cmwlth. 2010), PSP states: "[M]andamus is the proper remedy only where the [petitioner] demonstrates that he has a clear legal right to the performance of a purely ministerial non-discretionary act, the [respondent] has a corresponding mandatory duty to perform the act and there is no other appropriate or adequate remedy." Preliminary Objections at 17. With this in mind, PSP asserts that Wetzel "has no clear right to relief and [PSP] has neither the duty nor authority to provide [Wetzel] with the relief he requests." *Id.*

For the foregoing reasons, PSP maintains that its preliminary objections should be sustained[,] and Wetzel's Petition should be dismissed because a "cause of action sounding in mandamus is an inappropriate avenue for the redress that he seeks." Preliminary Objections at 18.

### III.   Subsequent Procedural History

On September 5, 2018, PSP filed an "Application in The Form of a Motion To Stay Case Pending Appeal of Related Cases," pending the outcome of a case

7

before our Supreme Court,[4] which PSP asserted presented issues that were nearly identical to the present matter and that would likely be dispositive to at least one of the claims raised herein. On September 27, 2018, PSP wrote a letter to this Court stating it had served the aforementioned Application on Wetzel but that it had been returned as undeliverable. Further, PSP stated that it appeared Wetzel had been released from incarceration and that he had not provided an updated address. On October 1, 2018, this Court issued an Order granting the aforementioned Application and directing the Chief Clerk, now Prothonotary, to mail a copy of the Order to Wetzel at his new address.

On August 24, 2020, we vacated the stay in this matter as a result of our Supreme Court filing its opinion in *Lacombe*. We directed PSP to file a brief in support of its preliminary objections or file an answer and withdrawal of the preliminary objections within 30 days of the date of the Order. PSP filed its brief in support of preliminary objections on September 23, 2020.

On October 5, 2020, this Court issued an Order directing Wetzel to file his brief in opposition to PSP's preliminary objections on or before November 4, 2020. On December 30, 2020, we filed an Order noting that Wetzel had not filed a brief in opposition to the preliminary objections, per the October 5, 2020 Order, and we directed Wetzel to file said brief on or before January 29, 2021, or we would proceed without it. We did not receive a brief from Wetzel. Thus, we now proceed to consider the issues as raised by the parties to date.[5]

---

[4] The case, which was pending at the time, was *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020).

[5] In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595 (Pa. Cmwlth. 1994). However, the Court is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of **(Footnote continued on next page…)**

## IV.    Discussion

In *Lacombe*, our Supreme Court determined that Subchapter I of SORNA (related to continued registration of sexual offenders) is nonpunitive, and its retroactive application does not violate the constitutional prohibition against *ex post facto* laws.  In *Lacombe*, the petitioners argued that, because their offenses occurred before Subchapter I of SORNA took effect, its retroactive application constituted an *ex post facto* violation under *Muniz*.  However, Act 10 and Act 29 were enacted after *Muniz* to address the constitutional infirmities of SORNA as identified by our Supreme Court.  In Act 10 and Act 29, the General Assembly made clear its intent that Subchapter I of SORNA is nonpunitive.  42 Pa.C.S. §9799.51(b)(2).[6]

---

opinion encompassed in the petition for review.  *Id*.  We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner.  *Id*.  When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted.  *Clark v. Beard*, 918 A.2d 155 (Pa. Cmwlth. 2007).  Moreover, we have held that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading."  *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

[6] 42 Pa.C.S. §9799.51(b)(2) states:

> **(b) Declaration of policy.--**It is hereby declared to be the intention of the General Assembly to:
> . . . .
> (2) Require the exchange of relevant information about sexually violent predators and offenders among public agencies and officials and to authorize the release of necessary and relevant information about sexually violent predators and offenders to members of the general public, including information available through the publicly accessible Internet website of the Pennsylvania State Police, as a means of assuring public protection **and shall not be construed as punitive.**

(Emphasis added.)

9

"To achieve its dual goals of ensuring public safety without creating another unconstitutionally punitive scheme, the General Assembly made a number of material changes." In this new statutory scheme, the General Assembly eliminated a number of crimes that previously triggered registration requirements and reduced the frequency with which an offender must report in person to the PSP.

*W.W. v. Pennsylvania State Police* (Pa. Cmwlth., No. 239 M.D. 2020, filed Jan. 15, 2021), Slip op. at 5, 2021 WL 140807, at *2 (quoting *Lacombe*, 234 A.3d at 615). In addition, unlike previous versions of the law, Act 29 allows offenders an opportunity to be removed from the registry after 25 years. To the extent Wetzel's claims, here, are predicated on the argument that Subchapter I of SORNA is punitive in nature, such claims fail after *Lacombe*. This includes both Wetzel's *ex post facto*[7] and due process claims.

In *W.W.*, we stated "[t]he *Lacombe* Court noted that, while a substantive due process challenge . . . was not squarely before it, [such a] claim would be dependent upon a finding that Subchapter I [of SORNA] is punitive. The Court opined, 'given our ultimate holding that Subchapter I [of SORNA] is nonpunitive, the claim[ ] would fail in any event.'" *W.W.*, Slip op. at 7, 2021 WL 140807, at *3 (quoting *Lacombe*, 234 A.3d at 608 n.5).

We next address Wetzel's claim that his plea agreement is a contract with the Commonwealth that prohibits PSP from enforcing the Act 29 registration requirement. We disagree. As we wrote in *W.W.*,

---

[7] We add that in *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020), our Supreme Court determined the application of Act 29 to individuals, such as Wetzel, who committed their offenses prior to the enactment of any sexual registration scheme, did not violate *ex post facto* prohibitions.

10

In *Dougherty*, this Court entertained a similar contract claim against the PSP. Therein, the petitioner filed a petition for review in the nature of a writ of mandamus seeking to compel the PSP to change his sexual registration status in accordance with the terms of his plea agreement with the Commonwealth. The PSP objected alleging that the petitioner's contract-based claims failed because the PSP was not a party to the plea agreement. In sustaining the PSP's [preliminary objections], this Court explained that "it is the Commonwealth, acting through the appropriate prosecutor, not the PSP, [that] is a party to the plea agreement." *Dougherty*, 138 A.3d at 160. We determined:

> "[T]he PSP has *no* duty to inquire into the content or intent of any underlying plea agreement. The PSP is not a party to the plea agreement and disputes over the alleged breach of a plea agreement, and the impact of the plea agreement on a [sex offender's] duty to register with the PSP, are properly resolved through the criminal justice system in the appropriate sentencing court." *Id.* (emphasis in original).

*W.W.*, Slip op. at 11, 2021 WL 140807, at *5-*6 (*quoting Dougherty*, 138 A.3d at 160).

Further relying on *Dougherty*, we stated:

> [I]n determining the appropriate period of registration, the PSP must comply with the registration terms outlined in the sentencing order. [*Dougherty*, 138 A.3d] at 159-60. Consequently, "if[ ] the sentencing order is silent on the term of registration imposed upon the offender, the PSP must apply the appropriate registration period based on the offense of conviction" under the applicable sex offender statute. [*Dougherty*, 138 A.3d] at 160).

*W.W.*, Slip op. at 11, 2021 WL 140807, at *6 (quoting *Dougherty*, 138 A.3d at 159-160).

Here, as in *W.W.* and *Dougherty*, PSP was not a party to Wetzel's plea agreement. Further, Wetzel does not contend that his plea agreement contained any language about registration requirements. In fact, he acknowledges the agreement is silent on the matter, noting he, the Commonwealth, and the trial court "understood" that a sexual offender registration requirement would not pertain to

11

him. Petition at 2. In addition, PSP argues that Wetzel's Petition should be dismissed because he failed to attach the plea agreement upon which he relies. Given Wetzel's failure to attach the plea agreement to his Petition, along with the fact PSP was not a party to the agreement and that the agreement was apparently silent on the matter of registration requirements, PSP, here, must apply the appropriate registration based on the offense(s) of Wetzel's conviction, per *W.W.* and *Dougherty*. Thus, we reject Wetzel's contention to the contrary.

Turning now to the matter of mandamus, generally, we note that mandamus is an extraordinary writ designed to compel the performance of a ministerial act or mandatory duty. *Duncan v. Pa. Dep't of Corr.*, 137 A.3d 575 (Pa. 2016); *Allen v. Dep't of Corr.*, 103 A.3d 365 (Pa. Cmwlth. 2014). "This Court may only issue a writ of mandamus where: (1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the [respondent] possesses a corresponding duty to perform the act; and (3) the petitioner possesses no other adequate or appropriate remedy." *Allen*, 103 A.3d at 369-70 (internal citation omitted). "Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases." *Allen*, 103 A.3d at 370 (internal citation omitted). Wetzel asks this Court to require PSP to remove his name from the sex offender registry. Within the context of mandamus, Wetzel does not have a clear right to relief, and PSP is under no duty to remove his name from the registry.[8]

_____

[8] Although we do not need to reach the issue here, we note that PSP also contends that Wetzel's obligation to register as a sex offender arises under both state and federal law and that, even if Wetzel could prevail on his state claim, his separate federal obligation to register would remain. *See* 34 U.S.C. §20913 ("[a] sex offender shall register . . . in each jurisdiction where the offender resides . . . .").

## V. Conclusion

To reiterate, in ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595. We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner. *Id.* Based on the foregoing analysis, it is clear that Wetzel cannot prevail on his claim. Accordingly, we sustain PSP's preliminary objections and dismiss Wetzel's Petition.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven M. Wetzel,                           :
                    Petitioner              :
                                            :
          v.                                :     No.  362 M.D. 2018
                                            :
The Pennsylvania State Police               :
of the Commonwealth of                      :
Pennsylvania,                               :
                    Respondent              :


# **O R D E R**

      **AND NOW**, this 14th day of July 2021, the preliminary objections of the Pennsylvania State Police are **SUSTAINED**.  The Petition for Review filed by Steven M. Wetzel is **DISMISSED**.


                              _____

                              J. ANDREW CROMPTON, Judge