# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

La'Var Ali Harley,             :
             Petitioner      :
                                :
           v.                :   No. 149 M.D. 2019
                                :   Submitted: December 8, 2025
Pennsylvania State Police,      :
             Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE MICHAEL H. WOJCIK, Judge (P.)
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: April 9, 2026

Presently before the Court is a Motion for Judgment on the Pleadings (Motion) filed by La'Var Ali Harley (Petitioner) and an Application for Summary Relief (Application) filed by Pennsylvania State Police (PSP). Both Petitioner and PSP assert they are entitled to judgment in their favor on the Petition for Review (Petition) filed by Petitioner. The crux of the dispute is whether, based upon the crimes for which Petitioner was convicted, Petitioner is required to register as a sex offender under the act known as the Sexual Offender Registration and Notification Act (SORNA).[1] Petitioner argues they are not registerable offenses or sex or sex-

---

[1] 42 Pa.C.S. §§ 9799.10-9799.41. The Supreme Court held SORNA was unconstitutional in *Commonwealth v. Muniz*, 164 A.3d 1189, 1222 (Pa. 2017), *cert. denied sub nom*, *Pennsylvania v. Muniz*, 583 U.S. 1107 (2018). SORNA was replaced by the Act of February 21, 2018, P.L. 27, No. 10, 42 Pa.C.S. §§ 9799.10–9799.75 (Act 10). Act 10 was replaced by the Act of June 12, 2018, P.L. 140, No. 29 (Act 29).

related crimes. PSP asserts they are. Upon review, we grant PSP's Application, deny Petitioner's Motion, and dismiss the Petition, with prejudice.

On February 27, 2008, Petitioner pleaded guilty to kidnapping for ransom, 18 Pa.C.S. § 2901(a)(1); criminal conspiracy – engaging in aggravated assault, 18 Pa.C.S. § 903(a)(1); and possessing instruments of crime, 18 Pa.C.S. § 907(a). Other charges were *nolle prossed*. After his release from prison on March 30, 2016, Petitioner was required to register as a sex offender pursuant to SORNA.

Thereafter, Petitioner filed his Petition, asserting that by requiring him to register, PSP was violating his rights under the Pennsylvania and United States Constitutions by harming his reputational rights without due process of law. PSP previously filed preliminary objections to the Petition, which were overruled. *See Harley v. Pa. State Police* (Pa. Cmwlth., No. 149 M.D. 2019, filed October 15, 2019) (*Harley I*). PSP then filed an Answer with New Matter, asserting Petitioner is required to register.

In April 2025, Petitioner filed his Motion, seeking judgment in his favor. PSP opposed the Motion, and, in December 2025, filed its Application, seeking summary relief in its favor. As briefing is complete on both the Motion and Application, this matter is now ripe for disposition.

Petitioner asserts judgment should be entered in his favor because his negotiated plea deal, for which he was sentenced, did not include an offense for which he was required to register. Thus, requiring him to register, threatening to revoke his parole, and charging him with failing to register violates his constitutional rights. He also argues he was never advised of any registration requirement at the time of sentencing. Finally, he asserts that since he was not released until 2016,

2

applying SORNA retroactively to him violates the prohibition against *ex post facto* laws.

PSP asserts judgment should be entered in its favor because Petitioner was convicted of an offense for which he must register, specifically, kidnapping of a minor. In opposing Petitioner's Motion and in support of PSP's Application, PSP attaches a copy of the Superior Court's decision in *Commonwealth v. Harley* (Pa. Super., No. 801 EDA 2011, filed August 20, 2012) (PCRA Opinion), which was an appeal pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546; a transcript of Petitioner's guilty plea colloquy; and a transcript of a hearing before the sentencing court at which Petitioner sought to withdraw the plea.

As we previously explained,

> Both an application for summary relief under Rule 1532 of the Pennsylvania Rules of Appellate Procedure[, Pa.R.A.P. 1532,] and a motion for judgment on the pleadings under Rule 1034 of the Pennsylvania Rules of Civil Procedure[, Pa.R.Civ.P. 1034,] seek similar relief. Pa.R.A.P. 1532 note. Summary relief is proper where the moving party establishes the case is clear and free from doubt, there are no genuine issues of material fact to be tried, and the movant is entitled to judgment as a matter of law. *Detar v. Beard*, 898 A.2d 26, 31 n.6 (Pa. Cmwlth. 2006). When ruling on a motion for judgment on the pleadings in our original jurisdiction, we must view all of the opposing party's allegations as true, and only those facts that the opposing party has specifically admitted may be considered against the opposing party. *Tulio v. Beard*, 858 A.2d 156, 158 (Pa. Cmwlth. 2004). We may only consider the pleadings themselves and any documents properly attached thereto. *Id.* A party's motion for judgment on the pleadings will only be granted when there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Montgomery C[ou]nty[] v. Dep't of Corr.*, 879 A.2d 843, 846 n.5 (Pa. Cmwlth. 2005); *Milton S. Hershey Med. Ctr. of Pa. State Univ. v. C[ommonwealth]*, 788 A.2d 1071, 1075 (Pa. Cmwlth. 2001) (en banc), *aff'd in part, remanded in part, . . .* 821 A.2d 1205 ([Pa.] 2003).

*Pa. Indep. Oil & Gas Ass'n v. Dep't of Env't Prot.*, 146 A.3d 820, 821 n.3 (Pa. Cmwlth. 2016).

Because it is dispositive, we begin with PSP's Application. "Individuals convicted within this Commonwealth of [certain] offenses committed on or after April 22, 1996, but before December 20, 2012," must register "for a period of 10 years." 42 Pa.C.S. § 9799.55(a)(1)(i)(A). Relevant here, one of the offenses for which a person must register for 10 years is "18 Pa.C.S. § 2901 (relating to kidnapping) where the victim is a minor." 42 Pa.C.S. § 9799.55(a)(1)(i)(A). Petitioner argues he was not convicted of kidnapping of a minor, which is an identified offense in the Pennsylvania Crimes Code. *See* 18 Pa.C.S. § 2901(a.1).[2] Instead, he contends he was only convicted of the general offense of kidnapping under Section 2901(a)(1).[3] It is undisputed that Petitioner was convicted under

---

[2] Section 2901(a.1) provides:

A person is guilty of kidnapping of a minor if he unlawfully removes a person under 18 years of age a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines a person under 18 years of age for a substantial period in a place of isolation, with any of the following intentions:

(1) To hold for ransom or reward, or as a shield or hostage.
(2) To facilitate commission of any felony or flight thereafter.
(3) To inflict bodily injury on or to terrorize the victim or another.
(4) To interfere with the performance by public officials of any governmental or political function.

18 Pa.C.S. § 2901(a.1).

[3] Section 2901(a)(1) provides, in relevant part:

[A] person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:

**(Footnote continued on next page…)**

4

Section 2901(a)(1). However, at the time of his conviction, the Crimes Code did not differentiate between kidnapping of a minor and kidnapping of a non-minor. The kidnapping of a minor subsection was not added to the Crimes Code until 2011 and took effect in 2012. *See* Act of December 20, 2011, P.L. 446. That does not foreclose Petitioner from being required to register, though, as the registration statute does not specify Section 2901(a.1); it merely lists Section 2901 generally and states the victim of the kidnapping must be a minor.

Petitioner argues the record is devoid of any evidence his offense involved a minor. We disagree. At his February 27, 2008 guilty plea colloquy and sentencing, the Commonwealth indicated the victim was seven years old. (2/27/08 Tr. at 28.)[4] Petitioner denies knowledge that the victim was a minor, but this, too, is belied by the record. At a May 16, 2008 hearing on a motion to withdraw the guilty plea, Petitioner indicated he thought the child was nine, not seven. (5/16/08 Tr. at 11.)[5] Thus, although uncertain of his exact age, Petitioner still knew the child was a minor. The victim's minor status is further confirmed by the Superior Court's PCRA Opinion, wherein it states Petitioner was charged with kidnapping a seven-year-old child for ransom. (PCRA Op., slip op. at 1.) In short, the record establishes that the victim was a minor, and accordingly, Petitioner is required to register.

Petitioner separately asserts applying SORNA retroactively violates the prohibition against *ex post facto* laws. This issue is well settled. The Supreme Court in *Commonwealth v. Lacombe* held Subchapter I of SORNA, under which Petitioner

---

       (1) To hold for ransom or reward, or as a shield or hostage.

18 Pa.C.S. § 2901(a)(1).

[4] A copy of this transcript was appended to PSP's Application as Exhibit 1.

[5] A copy of this transcript was appended to PSP's Application as Exhibit 2.

5

was required to register, was neither punitive nor violative of the prohibition against *ex post facto* laws. 234 A.3d 602, 605 (Pa. 2020).

Lastly, Petitioner argues he was not apprised at sentencing as to the registration requirements. Courts have held that the failure of a sentencing court to advise a defendant of registration requirements does not negate the requirement to register. *See Gordon v. Pa. Dep't of Corr.*, 16 A.3d 1173, 1178 (Pa. Cmwlth. 2010); *Commonwealth v. Benner*, 853 A.2d 1068, 1070-71 (Pa. Super. 2004).[6]

For the foregoing reasons, we grant PSP's Application as it is entitled to judgment in its favor as a matter of law and Petitioner's Motion necessarily is without merit and is denied. The Petition is dismissed with prejudice.

_____
RENÉE COHN JUBELIRER, President Judge

---

[6] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

La'Var Ali Harley,       :
            Petitioner       :
                    :
         v.       :       No. 149 M.D. 2019
                    :
Pennsylvania State Police,       :
            Respondent       :

## O R D E R

**NOW**, April 9, 2026, the Application for Summary Relief filed by the Pennsylvania State Police is **GRANTED**. The Motion for Judgment on the Pleadings filed by La'Var Ali Harley is **DENIED**. The Petition for Review is **DISMISSED WITH PREJUDICE**.

_____
RENÉE COHN JUBELIRER, President Judge